Defendant-appellant, Terry Pringle, appeals from a judgment of the Lucas County Court of Common Pleas convicting him of a violation of R.C. 2925.11(A) and (C)(4)(f), possession of cocaine, a felony of the first degree. Appealing pro se, Terry Pringle sets forth the following assignments of error:
 "The trial court erred to the prejudice of appellant when not informing him of the `full consequences' of his plea, thereby, not being in compliance with Criminal Rule [sic] 11(C)(2) which renders the plea and the sentence void."
 "The trial court erred to the prejudice of appellants when not allowing them to plead no contest. Thereby, showing bias and depriving appellant equal protection to [sic] the law guarnteed [sic] by the XIV Amendment to the United States constitution and Article I of the Ohio Constitution."
 "Counsel for appellant ineffectivelily [sic] assisted in his defense in all proceedings against him by not calling relevant witnesses, making vital inquiries, and not perserving [sic] his rights to appeal. Thereby, violating appellants [sic] VI Amendment right guarnteed [sic] by the United States Constitution."
 "The trial court erred, [sic] by overruling appellants [sic] motion to suppress evidence on the Wood County warrant, and thereby, deprived Appellant of his constitutional right as guarnteed [sic] by the Fourth and Fourteenth Amendments to the United States Constitution and Article I [sic] Section Fourteen of the Ohio Constitution."
 "The trial court erred by overruling appellants [sic] motion to suppress evidence on the Lucas County warrant, and thereby, deprived Appellant of his constitutional right as guarnteed [sic] by the Fourth
and Fourteenth Amendments to the United States Constitution and Article I [sic] Section Fourteen of the Ohio Constitution."
Appellant, Brian Pringle (Terry Pringle's son), appeals his conviction for two violations of R.C. 2923.02 and R.C.2925.11(A) and(C)(4)(d), attempted possession of cocaine. Also appearing pro se, Brian Pringle asserts that the following errors occurred in the proceedings below:
 "The trial court erred to the prejudice of appellants when not informing them of the maximum penalty of the offense they were pleading too [sic]. Thereby, not in compliance with Crim Rule [sic] 11(C)."
 "The trial court erred to the prejudice of appellants when not allowing them to plead no contest. Thereby, showing bias and depriving appellants equal protection to [sic] the law guarnteed [sic] by the XIV Amendment to the United States Constitution and Article I of the Ohio Constitution."
 "Counsel for appellants ineffectiveily [sic] assisted in their defense in all proceedings against them by not calling relevant witnesses, making vital inquiries, and not preserving their rights to appeal. Thereby, violating appellants [sic] VI Amendment rights guarnteed [sic] by the United States Constitution."
 "The trial court erred, [sic] by overruling appellants [sic] motion to suppress evidence on the Wood County warrant, and thereby, deprived appellants of constitutional right as guarnteed [sic] by the Fourth and Fourteenth Amendments to the United States Constitution and Article I [sic] Section Fourteen of the Ohio Constitution."
 "The trial court erred by overruling appellants [sic] motion to suppress evidence on the Lucas County warrant, and thereby, deprived appellants of their constitutional rights guarnteed [sic] by the Fourth
and Fourteenth Amendments to the United States Constitution and Article I [sic] Section Fourteen of the Ohio Constitution."
On March 20, 1997, each of the appellants was indicted on two counts of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(f). Each count carried a specification that each defendant was, pursuant to R.C. 2941.1410, a major drug offender. Both entered not guilty pleas to the charges in the indictment.
The indictments were the result of a month-long surveillance of a trailer leased by Terry Pringle in Lucas County, Ohio, and of a residence (mobile home) owned by Terry Pringle and located in Wood County, Ohio. During the surveillance period, the Toledo Metro Drug Unit supervised two controlled drug buys of cocaine from Brian Pringle through the same confidential informant who originally provided the police with information concerning appellants' alleged drug trafficking.
Based on the confidential informant's information, police observation of suspicious, possible drug related activities occurring at both locations and the two controlled buys, the Toledo Drug Metro Unit and the Northwood Police Department sought and obtained search warrants for the Lucas County trailer and the Wood County residence, respectively.
The warrants were executed on the same afternoon. The search of the trailer yielded fifteen hundred grams of pure cocaine, eleven ounces of processed cocaine, $10,000 in cash, a triple beam scale (used to weigh the cocaine), baggies (used to package individual portions of cocaine) and Isotrol (used as a cutting agent). At the Wood County residence, the police found one hundred eighty grams of powder cocaine, $1,100 in cash, a triple beam scale and baggies.
After their indictment, each appellant, through his own trial counsel, filed several motions and a request for discovery. In particular, each filed a motion to suppress the evidence seized during the searches of the Lucas County trailer and Wood County residence. Appellants argued that the searches were unreasonable under the Fourth Amendment to the Constitution of the United States and Section 14, Article I, Ohio Constitution, and that the basis for a "no knock" entry and search did not meet the requisites of R.C. 2933.231. Appellants asserted that the "no knock" search was based on a false affidavit that stated appellants had been convicted of crimes of violence.
After a hearing, the trial court denied appellants' motions to suppress. The court determined that, even though appellants' allegation was true, the Toledo Metro Drug Unit officer who obtained the Lucas County search warrant had a good faith belief that appellants had previous convictions for prior violent crimes. See United States v. Leon (1984) 468 U.S. 897. The court noted that the Wood County police officer who obtained that search warrant was not called to testify.
On May 27, 1997, Terry Pringle withdrew his plea of not guilty and entered a plea of guilty to Count One of the indictment pursuant to North Carolina v. Alford (1970), 400 U.S. 25. In exchange, the prosecutor nolled Count Two of the indictment and the specifications to both counts. After determining that Terry could comprehend the consequences of an Alford guilty plea, the court informed him that the offense of possession of cocaine is a first degree felony with a mandatory ten year prison sentence and a discretionary fine of up to $20,000. The court explained that "mandatory ten year sentence means there's no discretion on my part in imposing the sentence." The trial judge also told Terry Pringle that his driving privileges in the state of Ohio could be suspended for five or six years. The judge then engaged in a dialogue with Terry querying whether he understood each constitutional right he was waiving by entering a guilty plea. Terry replied in the affirmative each time. Terry Pringle also signed a guilty plea form that read, in material part:
 "I understand the MAXIMUM penalty COULD be: a maximum basic prison term of _10_ years * * * of which _10 years_ is mandatory, during which I am not eligible for judicial release [probation] or community control [parole]. The maximum fine is $20,000, of which $10,000 is mandatory."
After Terry signed the written plea, his attorney asked for a presentence investigation and report. The trial judge granted this request, noting, however, that "Obviously, I [the judge] cannot impose probation."
The court sentenced Terry Pringle to a mandatory ten years in prison, suspended his driving privileges for five years and imposed a mandatory fine of $10,000.
Brian Pringle then withdrew his plea of not guilty and expressed a desire to enter an Alford guilty plea to (1) one count of attempted possession of cocaine in violation of R.C. 2923.02
and R.C. 2925.11(A) and (C)(4)(f), a felony of the second degree and (2) one count of attempted possession of cocaine in violation of R.C. 2923.02 and R.C. 2925.11(A) and (C)(4)(d), a felony of the third degree. The court again first determined whether Brian could understand the consequences of this plea. The judge then informed him that the sentence on the first count could be anywhere from two years to eight years with a discretionary fine of up to $15,000. He further stated that the sentence on the second count could be from one to five years and carried a discretionary fine of up to $10,000 and that the sentences could be imposed concurrently or consecutively. He also told Brian that his driving privileges could be suspended for five or six years. Again, the judge discussed the constitutional rights afforded a criminal defendant and asked Brian whether he understood that, by entering an Alford guilty plea, he waived those rights. Appellant replied that he understood.
Brian also signed a written guilty plea. The plea stated, in material part:
 "I understand that the MAXIMUM penalty COULD be: a maximum basic prison term of _13_ years * * * of which _0_ is mandatory, during which I am NOT eligible for judicial release or community control."
The court ordered a presentence investigation and report. At Brian's sentencing, his attorney spoke of a possible "early release" for his client. In his judgment entry, the trial judge found that Brian was not amenable to "community control." The court further determined: "* * * pursuant to R.C. 2929.14(B), the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore impose the greater term." The judge sentenced Brian Pringle to serve a term of fours years in prison on Count One of the charged offenses and two years on Count Two, the sentences to be served concurrently. The court imposed a $7,500 fine as to Count One and waived the $5,000 fine as to Count Two. The judge also suspended Brian's driver's license for a period of four years.
Appellants' motions for delayed appeals of their convictions were granted by this court and their cases were consolidated.
Appellants' assignments of error are set forth in separate briefs but are, by and large, duplicative. Consequently, we shall consider the arguments of both appellants together. We shall first address appellants' fourth and fifth assignments of error. In those assignments, appellants challenge the trial court's denial of their motions to suppress the evidence seized during the searches of the Lucas County trailer and the Wood County residence.
A plea of guilty waives any errors, including alleged errors by the trial court in failing to suppress evidence, that may have occurred at the trial level unless such errors are shown to have precluded the defendant from entering a knowing and voluntary guilty plea. State v. Elliott (1993), 86 Ohio App.3d 792; Huber Heights v. Duty (1985), 27 Ohio App.3d 244; State v.Barnett (1991), 73 Ohio App.3d 244. This court has held that a guilty plea entered pursuant to Alford, supra, is procedurally indistinguishable from a guilty plea in that it severely limits claimed errors to those which affect the voluntariness of the plea. See State v. McDay (May 9, 1997), Lucas App. No. L-96-027, unreported; State v. Witcher (Dec. 30, 1993), Lucas App. No. L-92-354, unreported; State v. Barhite (July 12, 1991), Lucas App. No. L-90-043, unreported. Consequently, this court finds that Terry Pringle's claimed error as to the overruling of his motion to suppress did not affect the voluntariness of his plea and therefore was waived by the entering of the guilty plea. Accordingly, Terry Pringle's fourth and fifth assignments of error are found not well-taken. As to Brian Pringle, his conviction is reversed for the reasons discussed infra. Therefore, we need not reach the merits of his arguments concerning the denial of his motion to suppress at this point in time.
In their second assignments of error, appellants assert that the trial court showed bias toward them by refusing to accept a plea of "no contest." Therefore, their pleas of guilty were not voluntary. There is nothing in the record of this consolidated appeal to even suggest that appellants sought to enter "no contest" pleas or that the trial court rejected said pleas. Thus, this argument is without merit.
Appellants also contend that the trial court was biased and prejudiced toward them because their motions to suppress were denied. The mere fact that the court denied appellants' motions to suppress does not affect the voluntariness of theirAlford guilty pleas. Although the fact that the denial of the motions might have impacted on their decision to enter these pleas, it does not alter their "ability to understand the nature of the pending charges" or their "ability to evaluate the state's likelihood of success in proving those charges." State v. Swift_ (Nov. 9, 1995), Geauga App. No. 94-G-1838, unreported.
For these reasons, appellants' second assignments of error are found not well-taken.
Appellants' third assignments of error allege that their trial counsel was ineffective.
Again, a guilty plea waives all appealable errors except for errors which are shown to have precluded a knowing, intelligent and voluntary plea. State v. Spates (1992), 64 Ohio St.3d 269,272-273; State v. Kelley (1991), 57 Ohio St.3d 127, 129. Thus, in order to prove a claim of ineffective assistance of counsel in such a case, a defendant must show that his counsel's performance was deficient, and that, but for his counsel's errors, he would not have pled guilty. Hill v. Lockhart (1985), 474 U.S. 52, 59;State v. Martin (June 24, 1997), Lawrence App. No. 96CA53, unreported. That is, the defendant must demonstrate that counsel's failure impaired the knowing and voluntary nature of the plea.United States v. Broce (1989), 488 U.S. 563, 574.
Appellants set forth several bare bones allegations that supposedly constitute a deficient performance on the part of their respective trial counsel. Terry Pringle raises the following deficiencies in his counsel's performance: (1) having Terry sign a waiver so that the Honorable James Bates could hear the case. Judge Bates' wife is the Lucas County Prosecutor; (2) failing to demand discovery of recordings, required under R.C.2933.231(E), of the proceeding before the judge or magistrate in which the police requested a "no knock" warrant; (3) failing to call relevant witnesses at the suppression hearing. Brian Pringle presents these same contentions. In addition, he maintains that his trial counsel committed the following errors: (1) counsel made Brian admit to everything in the indictment in his interview with a probation officer during the presentence investigation and allowed him to state the same during Brian's sentencing hearing; and (2) the court made Brian aware of the consequences if he failed to profess to the indictment during the presentence investigation. Appellants fail to point out how any of these allegations affected their voluntary, intelligent and knowing entry of a guilty plea. We cannot say, after our independent review, that, but for error, if any, on the part of appellants' trial counsel, they would not have entered anAlford guilty plea. Therefore, appellants' third assignments of error are found not well-taken.
In their first assignments of error, appellants assert that the trial court failed to follow the provisions of Crim.R. (11)(C). Therefore, their pleas of guilty were not voluntary, intelligent and knowing.
In general, a court must adhere to the procedures established in Crim.R. 11(C) for accepting a plea of guilty or no contest in a felony case. Under the procedural requirements of Crim.R. 11(C)(2), the court may refuse to accept a plea of guilty or no contest, but if it chooses to accept the plea, the court must personally address the defendant and make three determinations. First, the court must determine that the defendant is making the plea "voluntarily, with understanding of the nature of the charge and the maximum penalty involved, and, if applicable, that he is not eligible for probation * * *." Crim.R. 11(C)(2)(a). Second, the court must inform the accused of, and determine that he understands, the effect of his plea and that "the court upon acceptance of the plea may proceed with judgment and sentence." Crim.R. 11(C)(2)(b). Finally, the court must advise the defendant, and ensure that he understands, that through his plea, he is "waiving his rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself." Crim.R. 11(C)(2)(c).
Strict compliance with Crim.R. 11(C)(2)(c) is required.State v. Nero (1990), 56 Ohio St.3d 106; State v. Ballard (1981),66 Ohio St.2d 473; State v. Stewart (1977), 51 Ohio St.2d 86. However, as to other matters, such as the maximum penalty involved, substantial compliance with Crim.R. 11(C) will suffice so long as no prejudicial effect occurs. State v. Nero, 56 Ohio St.3d at 108. The burden is on the defendant to show such prejudice. Id.
Therefore, the trial court, without directly informing a defendant about the other matters, can determine that the defendant understands the implications of the plea and the rights being waived based on the totality of the circumstances. Id.
Both Terry and Brian Pringle argue that the trial court failed to inform them of the maximum penalty of the offense they pled guilty to because the court did not inform them of the statutory mandatory fine. In fact, Brian Pringle states that the court told him that there would be no fine due to a civil forfeiture action. Initially, we find that there is nothing in the record of this case to support the latter allegation. As to the issue of mandatory fines, the court did inform appellants of the maximum discretionary fine that could be imposed. Furthermore, the written plea agreements, reviewed and signed by appellants, clearly state the mandatory fines and their amounts. Accordingly, under the totality of the circumstances, the court substantially complied with Crim.R. 11(C)(2)(a) on this issue.
Terry Pringle contends the trial court did not comply with the requisites of 11(C)(2)(a) because the judge did not tell him that he was ineligible for judicial release. When the charged offense carries a term of imprisonment that is mandatory, a court is not required to advise the defendant at the time of his or her plea that he or she is ineligible for conditional probation unless the court has reason to believe the defendant is drug dependent or is in danger of becoming drug dependent.State v. Braxton (June 19, 1998), Lucas App. No. L-98-1032, unreported.
Moreover, when:
 "* * * the circumstances indicate that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea to the nonprobationable crime * * * without personally advising the defendant that he was not eligible for probation constitutes substantial compliance with Crim.R. 11." State v. Nero, 56 Ohio St.3d at the syllabus.
Terry Pringle reviewed and signed the written entry of his plea that notified him of his ineligibility for judicial release and has failed to offer any evidence that he was prejudiced by the court's failure to personally inform him of that ineligibility. Therefore, we find that, as to Terry Pringle, the trial court substantially complied with Crim.R. 11(C)(2)(a) on this issue.
Finally, Brian Pringle also contends that the court failed to comply with Civ.R. 11(C)(2)(a) in that the court did not inform him that Count One of the "indictment" carried a mandatory prison sentence. The state concedes that the penalty for attempted possession of cocaine, a felony of the second degree (Count One) and attempted possession of cocaine, felony of the third degree (Count Two) include a mandatory prison sentence thereby rendering Brian Pringle ineligible for judicial release or post release community control during the mandatory term. The state contends, however, that appellant was not prejudiced because the court did not sentence Brian based on the mandatory nature of the sentences, Brian received the same sentence he would have received if the court correctly imposed a mandatory sentence and appellant knew at the time of sentencing that he would be incarcerated. We disagree.
At the time that Brian Pringle entered his guilty plea to two counts of attempted possession of cocaine, the trial court erroneously believed that Pringle was subject to the general penalty provisions set forth in R.C. 2929.14(A)(2) rather than penalty provisions found in R.C. 2925.11, which are specifically applicable to cocaine possession convictions. However, inState v. Johnson (Mar. 5, 1999), Lucas App. No. L-98-1144, unreported, this court held that the cocaine possession penalties were also applicable to "attempts." Therefore, we concluded the mandatory prison terms found in R.C. 2925.11 must be imposed on a defendant convicted of attempted possession of cocaine. Id. As a result of the trial court's mistaken belief, the sentence imposed on appellant is in error because it does not comport with the law, that is, it is not a mandatory sentence. Further, the court's failure to inform Brian that the prison term was mandatory and that, therefore, he would not be eligible for judicial release was misleading and not in substantial compliance with Crim. 11(C)(2)(a). Because appellant did not understand the full consequences of his Alford guilty plea, prejudicial error occurred in the case of Brian Pringle. Accordingly, Brian Pringle's first assignment of error is found well-taken.
On consideration whereof, we find that Terry Pringle was not prejudiced or prevented from having a fair hearing. Accordingly, the judgment of the Lucas County Court of Common Pleas in Lucas County Common Pleas Case No. G-4801-CR-0199701576(A) is affirmed. Appellant, Terry Pringle, is ordered to pay one-half of the costs of this appeal.
On consideration whereof, we find that Brian Pringle was prejudiced and prevented from having a fair hearing. Accordingly, the judgment of the Lucas County Court of Common Pleas in Lucas County Common Pleas Case No. G-4801-CR-0199701576(B) CR97-1576 is reversed. Appellee, the state of Ohio, is ordered to pay one-half of the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.___ _______________________________ JUDGE
Melvin L. Resnick, J._____ _______________________________ JUDGE
Mark L. Pietrykowski, J.__ _______________________________ JUDGE CONCUR.