The STATE of Ohio, Appellee,

v.

ELLIOTT, Appellant.

[Cite as *State v. Elliott* (1993), 86 Ohio App.3d 792.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–06–066.

Decided March 22, 1993.

■■■■■

■■■■■

■■■■■

*Donald W. White,* Clermont County Prosecuting Attorney, and *David Henry Hoffmann,* Assistant Prosecuting Attorney, for appellee.

*Jeffry D. Ferguson,* for appellant.

---

JONES, Presiding Judge.

Defendant-appellant, Robert W. Elliott, appeals his conviction in the Clermont County Court of Common Pleas of one count of aggravated trafficking in violation of R.C. 2925.02(A)(5). For the reasons that follow, we affirm the trial court.

On February 21, 1991, appellant was indicted for three counts of aggravated trafficking in cocaine. The indictment resulted from a cocaine sale involving appellant and a confidential government informant. The state tape-recorded the transaction.

Pursuant to a plea bargain agreement, appellant pleaded guilty to one count of aggravated trafficking while the state dismissed the remaining two counts. The trial court sentenced appellant to not less than three nor more than fifteen years' incarceration on July 23, 1991. The sentence included an actual incarceration period of three years.

Both appellant and appellant's counsel filed briefs in the instant appeal. We will address the assignments of error raised in both briefs.

In counsel's sole assignment of error, he contends that appellant was denied the effective assistance of counsel. Appellant argues the same in his third assignment of error. The crux of these claims is two-fold: Counsel's ineffective assistance argument is based on trial counsel's withdrawal of a motion to suppress the tape recording which led to the indictment; appellant's ineffective assistance argument is based on an allegation that trial counsel informed appellant that he would receive just three years' incarceration. We reject both arguments.

■■■ The Ohio Supreme Court identified the standard governing claims of ineffective assistance of counsel in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. The court instructed that "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen

below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *Id.* at 142, 538 N.E.2d at 380. It is unnecessary for a reviewing court to " 'address both components of the inquiry if the defendant makes an insufficient showing on one.' " *Id.* at 143, 538 N.E.2d at 380. In addition, to establish prejudice in the context of a guilty plea challenge, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210.

■ Turning to appellant's criticism of the withdrawal of the motion to suppress, this court finds that appellant has not established either prong of the *Bradley* test. Appellant has failed to demonstrate that he would not have pleaded guilty had the motion to suppress been addressed. Also, appellant's claim that trial counsel should have filed a motion to suppress is based entirely upon facts dehors the record. "Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." *State v. Gibson* (1980), 69 Ohio App.2d 91, 95, 23 O.O.3d 130, 132–133, 430 N.E.2d 954, 957.[1]

■ Moreover, a guilty plea constitutes a waiver of alleged errors by the trial court in not suppressing evidence. *Huber Hts. v. Duty* (1985), 27 Ohio App.3d 244, 27 OBR 285, 500 N.E.2d 339. Thus, even if the motion to suppress had been before the trial court, counsel could not challenge the court's ruling on appeal. Based on the foregoing rationale, trial counsel's withdrawal of the motion to suppress did not amount to ineffective assistance of counsel. Appellant's sole assignment of error is overruled.

■ As for appellant's ineffective assistance claim, it too is without merit. Although appellant alleges trial counsel informed him that the plea bargain

---

1. This court is not prepared to adopt the *per se* rule advocated by appellant, as stated in the syllabus of *State v. Woolum* (1976), 47 Ohio App.2d 313, 1 O.O.3d 383, 354 N.E.2d 712, that "[w]here an attorney neglects to file a motion to suppress evidence, which at least arguably could dispose of a criminal charge against his client, the client is deprived of the assistance of competent counsel." Instead, we are of the opinion that *Woolum* has been effectively overruled by *Bradley, supra,* and its predecessor, *State v. Lytle* (1976), 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623, vacated in part (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154, which allocate the burden of proving the ineffective assistance of counsel to the defendant. Several courts take this approach. See *State v. Clary* (1991), 73 Ohio App.3d 42, 596 N.E.2d 554; *Gibson, supra; State v. Everett* (Jan. 26, 1990), Montgomery App. No. 11625, unreported, 1990 WL 4948.

agreement would result in a sentence which required only three years of incarceration, appellant stated in court that he understood he could be sentenced to and serve more than three years. Appellant also admitted understanding the state had promised only the dismissal of counts one and three in exchange for his guilty plea. Accordingly, appellant has failed to prove the prejudice necessary to establish a claim of ineffective assistance of counsel. Appellant's third assignment of error is overruled.

In his first assignment of error, appellant alleges that the trial court failed to notify him of any of the procedural safeguards contained in Crim.R. 11. We find that the record blatantly contradicts appellant's position.

Crim.R. 11(C)(2) sets forth several determinations a court must make before accepting a guilty plea:

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

The record must demonstrate that the trial court substantially complied with this rule. *State v. Billups* (1979), 57 Ohio St.2d 31, 11 O.O.3d 150, 385 N.E.2d 1308. To analyze whether a trial court has substantially complied with Crim.R. 11(C), this court must review the totality of the circumstances to ensure that appellant has not been prejudiced. *State v. Flint* (1986), 36 Ohio App.3d 4, 520 N.E.2d 580.

In the present case, the record clearly indicates that appellant was not prejudiced by the trial judge's handling of his guilty plea. The trial judge engaged appellant in a thorough questioning regarding the rights and procedures

outlined in Crim.R. 11(C)(2). He covered every aspect of Section (C)(2) in detail and also verified that appellant was adequately apprised of the ramifications of a guilty plea by his attorney. At no time did appellant express confusion or a lack of understanding. Because the trial judge fully complied with Crim.R. 11(C)(2), appellant's first assignment of error is overruled.

In his second assignment of error, appellant contends that the trial court erred in not determining whether there was compliance with the plea bargain agreement. We disagree.

Where a defendant enters into a negotiated plea bargain agreement, the trial court is not obligated to accept that agreement. *State v. Greulich* (1988), 61 Ohio App.3d 22, 572 N.E.2d 132. Once execution of sentence begins, however, the trial court may not increase the severity of the punishment by amending the original sentence. *Id.*

In the present case, because the trial judge was not involved in the plea bargain agreement and had no duty to honor it, his failure to find compliance with the agreement on the record is not error. Appellant has not demonstrated that the trial court amended its original sentence or that the court did not consider the sentence recommendations made by the state as a result of the plea bargain agreement. In fact, the record indicates that the court sentenced appellant in accordance with the state's recommendations. Appellant's second assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and WALSH, JJ., concur.