OPINION
On October 21, 1996, defendant-appellant, Joby Bishop, was indicted on one count of breaking and entering and one count of receiving stolen property in violation of R.C.2911.13 and 2913.51. Appellant entered not guilty pleas to both charges and the case was set for trial. A plea bargain was subsequently reached under which the state agreed to nolle the breaking and entering charge in exchange for a guilty plea by appellant to the receiving stolen property charge.
The trial court held a plea hearing on May 14, 1997 at which it addressed appellant personally in accordance with the procedures specified by Crim.R. 11. The trial court accepted appellant's guilty plea and referred the matter for a presentence investigation. The trial court held a sentencing hearing on June 27, 1997 at which it sentenced appellant to a one-year term of imprisonment.
On June 30, 1997, appellant filed a motion to withdraw his guilty plea. The motion alleged that the plea was not knowing and voluntary because trial counsel had misrepresented to him that he would not be sent to prison. The trial court held a hearing on the motion on July 25, 1997. The trial court denied appellant's motion to withdraw his guilty plea in an order dated that same day. Appellant now appeals setting forth the following assignment of error:
 THE APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS DEFENSE ATTORNEY FAILED TO ADEQUATELY INVESTIGATE THE FACTS AND DID NOT ADEQUATELY PREPARE FOR TRIAL.
In his sole assignment of error, appellant argues that trial counsel's performance was constitutionally defective because his counsel: (1) failed to investigate the circumstances of the case and file a motion to suppress physical evidence seized during a search of appellant's business; (2) failed to contest the value that the prosecution placed upon the stolen property found in appellant's possession; and (3) erroneously represented to him that he would not be sent to prison if he agreed to enter a guilty plea. We disagree.
The test an appellate court must apply when reviewing an ineffective assistance of counsel claim is: (1) whether counsel's performance fell below an objective standard of reasonable professional competence, and (2) if so, whether there is a reasonable probability that counsel's unprofessional errors affected the outcome of the proceedings. Strickland v. Washington (1984), 466 U.S. 668, 690, 104 S.Ct. 2052, 2066; State v. Bradley (1989), 42 Ohio St.3d 136, syllabus. A defendant bears the burden of demonstrating ineffective assistance of counsel. State v. Hamblin (1988), 37 Ohio St.3d 153, 155-156, certiorari denied (1988), 488 U.S. 975, 109 S.Ct. 515.
A plea of guilty waives the right to claim that the defendant was prejudiced by constitutionally ineffective counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. State v. Barnett (1991),73 Ohio App.3d 244, 248. Further, to establish prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366.
Appellant has not shown that his counsel was ineffective for failing to investigate the circumstances of the case and file a motion to suppress. Since the record does not contain evidence of the circumstances surrounding the search of appellant's business, these claims are based upon facts that are not included in the record. "Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." State v. Elliott (1993),86 Ohio App.3d 792, quoting State v. Gibson (1980), 69 Ohio App.2d 91,95. Moreover, appellant has failed to show that he was prejudiced by his counsel's failure to file a motion to suppress. Appellant has not demonstrated that the failure to file a motion to suppress in any way affected the knowing and voluntary nature of his guilty plea or that he would have insisted on going to trial if a motion to suppress had been filed. Accordingly, we conclude that appellant did not receive ineffective assistance of counsel due to his counsel's alleged failure to adequately investigate the circumstances of the case and file a motion to suppress.
Appellant has also failed to show that his counsel was ineffective for not contesting the value placed upon the stolen property by the prosecution. In the bill of particulars, the prosecution provided an itemized list of the stolen property with the individual value attached to each piece of property. Appellant has not offered any evidence which indicates that the value placed upon the stolen property by the prosecution was erroneous. Thus, he has failed to show that his attorney was ineffective for not contesting this issue. Moreover, appellant has failed to show that he was prejudiced by his counsel's failure to contest the value assigned to the stolen property. Appellant has not demonstrated that the failure to contest the value placed upon the stolen property in any way affected the knowing and voluntary nature of his guilty plea or that he would have insisted on going to trial if the issue had been contested. Accordingly, we conclude that appellant did not receive ineffective assistance of counsel due to his counsel's failure to contest the value placed upon the stolen property.
Appellant also argues that trial counsel's performance was constitutionally defective because counsel erroneously represented to him that he would not be sent to prison if he agreed to enter a guilty plea to the receiving stolen property charge. However, the transcript of the May 14, 1997 plea hearing indicates that the trial court addressed appellant as follows:
 There is no mandatory prison term on this case, which means that there's no requirement under the law that if you are found guilty or plea [sic] guilty that you go to prison and, in fact, the law in this case presumes that prison is not necessary. That does not mean that is absolutely the case. There are presumptions under the law that could bring about the imposition of a prison sentence; do you understand all that?
The above-quoted statement by the trial court was certainly sufficient to put appellant on notice that he could receive a prison term as part of his sentence if he entered a guilty plea to the receiving stolen property charge. Appellant has not demonstrated to the satisfaction of this court his guilty plea was not knowing and voluntary under these circumstances.
Accordingly, we find no evidence of prejudice which would justify reversing appellant's conviction on the basis of ineffective assistance of counsel. Appellant's sole assignment of error is overruled and the judgment of the trial court is hereby affirmed.
WALSH, J., concurs.
KOEHLER, J., dissents.