OPINION
Defendant-appellant, Michael L. Allen, appeals from his convictions in the Warren County Court of Common Pleas for two counts of rape in violation of R.C. 2907.02(A)(1)(b). We affirm.
Appellant was indicted on ten counts of rape for engaging in sexual intercourse with girls under the age of thirteen. Appellant filed a motion in the trial court to suppress his confession to a police detective. At the motion to suppress hearing, Detective Tim Parker testified concerning his interviews with appellant.
Detective Parker testified that he telephoned appellant on or about May 2, 1998 and asked him to come to the Springboro Police Department. The next day, appellant arrived at the police department and he was questioned by Detective Parker. Prior to any questioning, appellant asked Detective Parker if he needed an attorney. The detective told appellant that was "entirely up to him." Detective Parker also told appellant that he "had to take all the information that he [appellant] gave me straight to the Prosecutor, and that's where the final decision would be made." Detective Parker said that he read appellant his Miranda rights and asked appellant if he understood them. Appellant replied in the affirmative and signed a waiver of these rights. The detective and appellant talked for two hours and appellant confessed to committing sex crimes. The detective's attempt to videotape this conversation failed, so there is no record of the conversation. Appellant returned to his home after the interview.
On May 8, 1998 appellant returned to the police department to speak with Detective Parker again. This interview was videotaped and lasted approximately two hours. At the beginning of the interview, the detective again read appellant his Miranda rights and asked appellant if he understood them. Appellant signed a waiver of these rights. Detective Parker testified that his observations led him to believe that appellant comprehended what he was signing. During the interview, appellant admitted that he had engaged in sexual intercourse with a young girl. According to Detective Parker, toward the very end of this interview appellant said, "I should have just got a lawyer and not told you anything, because you really didn't have anything on me."
At the motion to suppress hearing, defense counsel cross-examined the detective but presented no evidence. When the prosecutor produced a videotape of appellant's confession, defense counsel did not ask for a recess to review the videotape or ask that the trial court review it before ruling on the motion. At the conclusion of the hearing, the trial court determined that appellant had made a knowing and voluntary waiver of his right to remain silent at each interview and that he never retracted that right.
The trial court overruled the motion to suppress, and appellant pled guilty to two of the ten counts of rape charged against him. The trial court sentenced appellant to two consecutive ten-year terms in prison and classified appellant as a sexual predator pursuant to R.C. 2950.09(A). Appellant filed an appeal and raises two assignments of error for our review.
Assignment of Error No. 1:
 IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION FOR THE LOWER COURT TO DENY THE MOTION TO SUPPRESS WHEN A) APPELLANT ASKED IF HE NEEDED AN ATTORNEY PRIOR TO THE INTERVIEW AND B) THE DETECTIVE SAID HE WOULD PUT IN A GOOD WORD WITH THE PROSECUTOR, AND C) THE DETECTIVE WAS A "FALSE FRIEND" TO APPELLANT THROUGHOUT THE INTERVIEWS.
Appellant asserts that the trial court's decision overruling the motion to suppress was error. Appellant argues that because his Miranda rights were violated during the interview with the detective, his confession should have been suppressed.
This court has held that entering a guilty plea waives alleged errors by the trial court in not suppressing evidence.State v. Elliott (1993), 86 Ohio App.3d 792, 795, citing HuberHts. v. Duty (1985), 27 Ohio App.3d 244. A review of the record indicates that appellant's guilty plea was knowing, intelligent, and voluntary. Appellant was informed of the various rights that he would be waiving and the possible consequences of his action, and entered his guilty plea only after a discussion with defense counsel. Therefore, appellant has waived any claim that his confession should have been suppressed.
Even if appellant had not pled guilty and had thereby preserved his right to challenge the trial court's denial of the motion to suppress, appellant's arguments would fail. When considering a motion to suppress, the trial court is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. If the trial court's findings are supported by competent and credible evidence, then the appellate court must accept them. State v.Williams (1993), 86 Ohio App.3d 37, 41. Relying on the trial court's factual findings, the reviewing appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson
(1995), 100 Ohio App.3d 688, 691.
First, appellant claims that his confession should have been suppressed because appellant allegedly asked for an attorney prior to the interview. If a suspect in a criminal investigation requests counsel during questioning, he may not be subject to further interrogation until an attorney is provided or the suspect initiates the discussion. Edwards v. Arizona (1981),451 U.S. 477, 484-485, 101 S.Ct. 1880, 1884-1885. However, "the invocation of the Miranda right to counsel `requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney.'" State v. Davis
(1994), 512 U.S. 452, 459, 114 S.Ct. 2350, 2355, quoting McNeil v.Wisconsin (1991), 501 U.S. 171, 178, 111 S.Ct. 2204, 2209. Moreover, a suspect "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." Davis at 459. In Davis, the court held that an accused's remark that "maybe I should talk to a lawyer" did not constitute a request for counsel. Id. at 462.
Detective Parker testified that appellant asked whether he needed an attorney only at the first interview. The detective did not, after appellant's question, pressure appellant to continue with the discussion. We do not find that appellant's question of whether he needed an attorney was a formal, unequivocal demand for legal representation that mandated the termination of the interview. Likewise, we find that appellant's comment near the end of the second interview that "he should have just got a lawyer and not told you [the detective] anything," does not constitute an assertion of his right to an attorney. Therefore, the continuation of the interview with appellant did not infringe upon appellant's right to counsel.
Second, appellant argues that his confession should have been suppressed because Detective Parker allegedly assured appellant that he would put a good word with the prosecutor if appellant cooperated. Promises that it would be in a defendant's best interest to confess or that a defendant's cooperation would be considered in the disposition of a case do not invalidate an otherwise legal confession. State v. Loza (1994), 71 Ohio St.3d 61,67, citing State v. Edwards (1976), 49 Ohio St.2d 31, 40-41. Moreover, at the motion to suppress hearing Detective Parker testified that he told appellant that he would bring all of the information to the prosecutor, who would make the final decision. Such a statement does not amount to a promise that appellant would receive any sort of special treatment in exchange for his cooperation; rather, it is a frank description of how the prosecution of a criminal case develops. We find no merit to appellant's argument that he was tricked into confessing by a false promise of favorable treatment.
Third, appellant claims that his confession should have been suppressed because the detective posed as a "false friend" during their conversation. In support of this claim, appellant cites pre-Miranda cases which are factually dissimilar to this case.[1]
In the case sub judice, all that the detective did was make appellant feel comfortable during the interrogation. Detective Parker spoke with appellant for two hours, a reasonable amount of time, during which he sympathetically listened to appellant's story. Appellant was read his Miranda rights, spoke to the detective at the police department, and came to the interview on his own.
When determining whether a defendant's confession is voluntary, the reviewing court should consider the totality of the circumstances, including the age, intelligence, and prior criminal experience of the accused; the length, frequency, and intensity of the questioning; the existence of physical mistreatment; and the existence of threat or inducement. State v. Edwards, 49 Ohio St.2d at paragraph two of the syllabus. Considering these factors, we agree with the trial court that appellant's confession need not be suppressed.
We find that the trial court's decision to overrule the motion to suppress was appropriate. Appellant's constitutional rights were not violated during his interview with the detective. Appellant did not assert his right to remain silent or his right to an attorney but freely waived these rights. Appellant's confession was not induced by false promises and it was made voluntarily. Therefore, the first assignment of error is overruled.
Assignment of Error No. 2:
 THERE WAS AN INEFFECTIVE ASSISTANCE OF COUNSEL WHEN APPELLANT'S TRIAL COUNSEL DID NOT ASK FOR A RECESS TO REVIEW THE VIDEO TAPES [SIC] AND THEN DID NOT INSIST THAT THE JUDGE REVIEW THE TAPES PRIOR TO RULING ON THE MOTION TO SUPPRESS.
Appellant, who has pled guilty to rape charges, now claims that he was denied effective assistance of counsel during the motion to suppress hearing. As explained above, appellant waived any claims of error with respect to the motion to suppress hearing when he entered his guilty plea. State v. Elliott,86 Ohio App.3d at 795.
Even if appellant had not waived this issue, he has failed to convince this court that he was denied effective assistance of counsel. To demonstrate a claim of ineffective assistance of counsel, a defendant must first show that under the circumstances counsel's representation did not meet the objective standard of reasonable competence. Second, a defendant must show that he was prejudiced at trial as a result of this deficiency. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064; Statev. Mills (1992), 62 Ohio St.3d 357, 370. Only if the defendant shows that there is a reasonable possibility that, but for the unprofessional errors, the result of the proceedings against defendant would have been more favorable, will a reviewing court find prejudice. This probability must be sufficient to undermine confidence in the case's outcome. State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus.
The effectiveness of counsel must be reviewed in light of the evidence against the defendant, with a "strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland, 466 U.S. at 689; State v. Lytle (1976),48 Ohio St.2d 391, 397, vacated in part on other grounds, Lytle v.Ohio (1978), 438 U.S. 910, 98 S.Ct. 3135. The appellate court must not second guess trial counsel's strategic decisions. Statev. Carter (1995), 72 Ohio St.3d 545, 558.
At the motion to suppress hearing, defense counsel did not ask the trial court to review the videotape of appellant's confession produced by the prosecutor. Appellant argues that failure to request that the trial court review the videotape constituted ineffective assistance of counsel. However, appellant has not convinced this court that defense counsel's action was not part of a deliberate trial tactic. Defense counsel could have justifiably decided that asking the judge to listen to two hours of the graphic details of appellant's sex crimes would be detrimental to appellant's motion to suppress.
Even if appellant could show professional error, appellant cannot show prejudice. The record contains no indication that Officer Parker's testimony about his interviews with appellant were inaccurate or untruthful. A review of the videotape shows that appellant was read his rights, signed a waiver of them, and was questioned in a large room which was well-lit and spacious. Because appellant has failed to show professional error or prejudice, we find that appellant's legal assistance was not ineffective.
Accordingly, appellant's second assignment of error is overruled, and the judgment of the trial court is affirmed.
WALSH and VALEN, JJ., concur.
[1] See Leyra v. Denno (1954), 347 U.S. 556, 74 S.Ct. 716
(defendant sought medical treatment for a sinus attack and was provided with a highly trained psychiatrist who did not identify himself as such and used sophisticated psychiatric methods to continue the police effort and induce defendant to admit his guilt; this tactic was termed "mental coercion" and defendant's subsequent confessions were suppressed). Spano v. New York
(1959), 360 U.S. 315, 79 S.Ct. 1202 (statement made during a phone call was suppressed where defendant confessed to a new police officer who had been defendant's friend for eight or ten years).