OPINION
Defendant-appellant, Lamont Wheeler, appeals his conviction in the Mahoning County Court of Common Pleas on a single count of drug abuse.
On February 22, 1995, appellant was visiting at a friend's house located at 119 W. Dewey Street, Youngstown, Ohio. At approximately 8:00 p.m., pursuant to a search warrant, members of the Youngstown Police Department raided the premises as a suspected crack house. During the course of the search, one of the officers searched a jacket belonging to appellant. The search of the jacket revealed two rocks of crack cocaine. Thereafter, appellant was arrested and charged with drug abuse, in violation of R.C. 2925.11(A). Appellant entered an initial plea of not guilty.
On August 14, 1997, appellant filed a motion to suppress the contraband, arguing that the search of his jacket had been in violation of the Fourth Amendment. A hearing on the motion was held on August 20, 1997, following which appellant and plaintiff-appellee, State of Ohio, filed briefs on the issue. The trial court eventually denied appellant's motion to suppress on October 1, 1997.
The same day, October 1, 1997, appellant withdrew his former plea of not guilty and entered a plea of guilty to drug abuse, in violation of R.C. 2925.11(A). The trial court accepted the guilty plea and deferred sentencing awaiting a pre-sentence investigation report. Thereafter, a conversation ensued between the trial judge and counsel for both sides in which it appears that counsel for appellant attempted to enter a plea of no contest to the charge in question. Counsel for appellee objected, noting that the Crim.R. 11 agreement made no mention of a no contest plea, and the trial court denied appellant's request. Subsequently, on December 11, 1997, appellant was sentenced to a term of imprisonment of one and a half years. The sentence was suspended and appellant was placed on probation for two years. Appellant then filed a notice of appeal to the trial court's denial of his motion to suppress.
Appellant's sole assignment of error states:
 "THE SEIZURE OF ONE CHUNK OF .243 GRAMS OF CRACK COCAINE BY THE POLICE FROM APPELLANT'S JACKET VIOLATED APPELLANT'S FOURTH AMENDMENT RIGHTS AND THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S SUPPRESSION MOTION."
Appellant argues that the trial court erred in failing to suppress the contraband seized. Specifically, appellant claims that the police officers did not have probable cause to search appellant's jacket and that the search warrant for the premises did not extend to appellant's personal effects.
In response, appellee notes that appellant entered a plea of guilty to the charge, which appellee claims operates as a waiver of any error regarding his suppression motion. In any event, appellee claims that the search of a pile of coats, one of which belonged to appellant, was within the scope of the search warrant and did not constitute a search of appellant's person.
In his brief, appellant claims that he entered a plea of no contest to the charge. However, the record demonstrates that appellant's claim in this regard is incorrect. The transcript of proceedings indicates that appellant entered a plea of guilty to the charge and then sometime afterward his counsel attempted to enter a plea of no contest. Appellee objected and the objection was clearly sustained by the trial court.
As appellee correctly notes, a plea of guilty operates as a waiver of any alleged error regarding appellant's motion to suppress. State v. Elliott (1993), 86 Ohio App.3d 792, 795. Unlike a plea of no contest, a plea of guilty operates as a waiver of claimed errors of the trial court in failing to suppress evidence. Huber Heights v. Duty (1985),27 Ohio App.3d 244. See, also, State v. Kelley
(1991), 57 Ohio St.3d 127 (plea of guilty waives all appealable errors unless such errors are shown to have precluded defendant from entering plea voluntarily."). As the United States Supreme Court has previously stated:
 "[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established." Menna v. New York
(1975), 423 U.S. 61, at 62-63, fn. 2 (Emphasis sic.)
Appellant does not claim that his plea of guilty was not voluntarily and intelligently made. Rather, counsel for appellant claims that the guilty plea was never made, a claim directly contradicted by the record. The transcript of proceedings establishes that appellant's plea of guilty was knowingly, intelligently and voluntarily entered into. The following excerpts from the transcript of proceedings adequately demonstrate this fact:
 "MR. SCHWARTZ [counsel for appellant]: Yes, Your Honor. Pursuant to the Criminal Rule 11 agreement just read into the record and recited by the assistant county prosecutor Donna McCollum, the defendant at this time is ready to enter a plea of guilty.
 "THE COURT: Okay. Mr. Wheeler, you understand that you're here for a trial today but, in fact, have decided to enter under a Rule 11 agreement a plea of guilty to a charge, correct?
"THE DEFENDANT: Yes, Your Honor." (Tr. 2-3)
After informing appellant of all of the rights he would be giving up, and inquiring as to whether appellant understood the nature of the charges and the penalties involved, the plea was entered as follows:
 "THE COURT: And you're here to enter a plea of guilty to this crime, correct?
"THE DEFENDANT: Yes, Your Honor.
 "THE COURT: You're a citizen of the United States?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Mr. Lamont Wheeler, to the charge of drug abuse, a violation of 2925.11(A)(C), it's either (A)1 or an I, felony four —
"MS. McCOLLUM: 1.
"THE COURT: 1, how do you plead?
"THE DEFENDANT: Guilty." (Tr. 8-9)
Appellant voluntarily and knowingly entered a plea of guilty to the charge of drug abuse. By doing so, appellant waived any error on the part of the trial court with regards to the denial of his motion to suppress evidence.
Appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs
Vukovich, J., concurs
APPROVED:
 ____________________________ Gene Donofrio Judge