OPINION
Defendant-appellant, William Bailey, appeals his convictions in the Butler County Court of Common Pleas for attempted illegal use of a minor in nudity oriented material. We affirm the decision of the trial court.
In August 1999, appellant was indicted on two counts of illegal use of a minor in nudity oriented material and two counts of complicity to illegal use of a minor in nudity oriented material. Appellant moved the trial court to suppress the statements he made during an interrogation conducted by the Butler County Sheriff's Office. The trial court overruled appellant's motion.
Appellant entered a negotiated Alford plea of guilty to two counts of attempted illegal use of a minor in nudity oriented material. See North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160. The trial court sentenced appellant to four years in prison on the first count and three years in prison on the second count, and ordered Bailey to serve both sentences consecutively. Appellant appeals and raises two assignments of error.
In his first assignment of error, appellant argues that the trial court erred by overruling his motion to suppress. Appellant maintains that the statements he made during the interrogation conducted by the sheriff's office were not voluntary.
A plea of guilty waives any errors by the trial court in failing to suppress evidence. State v. Elliott (1993), 86 Ohio App.3d 792,795; Huber Heights v. Duty (1985), 27 Ohio App.3d 244. An Alford plea is procedurally indistinguishable from a guilty plea and similarly waives any alleged errors committed by the trial court in failing to suppress evidence. State v. Pringle
(June 30, 1999), Lucas App. No. L-98-1275, unreported; State v.Mastice (June 8, 1987), Montgomery App. No. 10154, unreported;State v. Ruffin (May 2, 1985), Cuyahoga App. No. 49032, unreported.
Appellant entered an Alford plea and consequently has waived any claim that the trial court erred in overruling his motion to suppress evidence. Accordingly, appellant's first assignment of error is overruled.
Appellant's second assignment of error maintains that the trial court erred by ordering him to serve his sentences consecutively. Appellant asserts that the trial court found only that consecutive sentences were necessary so as not to demean the seriousness of his crimes and to protect the public. Appellant argues that the trial court "absolutely" made none of the other required findings to impose consecutive sentences upon him.
An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The record to be examined by a reviewing court shall include as applicable the following: (1) the presentence investigative report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentenced was imposed. R.C. 2953.08(F)(1)-(3). The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id.
Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The trial court's judgment of conviction entry in this case states:
 Pursuant to Revised Code Section 2929.14(E) the Court finds for the reasons stated on the record that:
 H Consecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public.
The Court also finds that:
 H The defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.
Contrary to appellant's arguments, the trial court compliedexactly with R.C. 2929.14(E)(4) and made the necessary findings in its entry in order to impose consecutive sentences, and these findings are amply supported by the record. Appellant's second assignment of error is overruled.
 _________________________________ POWELL, P.J.
WALSH and VALEN, JJ., concur.