OPINION
In this accelerated calendar appeal submitted on the briefs of the parties, appellant, Paul R. Blankenship, appeals the judgment of the Portage County Municipal Court, Ravenna Division, denying his motion to suppress.
The following procedural history is determinative of this appeal. On February 28, 2000, appellant was charged with underage purchase of a firearm or handgun, in violation of R.C. 2923.211; possession of drug paraphernalia, in violation of R.C. 2925.14; and possession of marijuana, in violation of R.C. 2925.11. Appellant entered a plea of not guilty to the charges.
On May 23, 2000, a hearing was held on appellant's motion to suppress certain evidence retrieved as a result of a warrantless search of his vehicle. While still on the record, the trial court upheld the validity of the search and denied appellant's motion to suppress.
Thereafter, a pre-trial report was filed on August 1, 2000, indicating that appellant agreed to plead no contest to the drug abuse charge, in violation of R.C. 2925.11. However, a further review of the record reveals that appellant, in fact, pled guilty to the charge of drug abuse, while the remaining charges were dismissed. This plea is reflected in an entry journalized in the trial court on August 1, 2000.
From this judgment, appellant filed a notice of appeal asserting a single assignment of error for our consideration pertaining to the denial of his motion to suppress. However, before we may address the merits of appellant's assignment of error, we must make an initial determination as to whether appellant entered a plea of guilty or a plea of no contest in this case.
As to this point, appellant submits that pursuant to a plea agreement, he entered a plea of no contest to the charge of drug abuse. However, appellant failed to provide a transcript of the August 1, 2000 plea hearing to substantiate his claim that he entered such a plea.[1] See,e.g., State v. Jackson (Mar. 31, 2000), Trumbull App. No. 98-T-0182, unreported, 2000 WL 522440, at 4.
Further, while the pre-trial report and the trial court's August 1, 2000 judgment entry conflict, it is axiomatic that a trial court only
speaks through its judgment entries. Hairston v. Seidner (2000),88 Ohio St.3d 57, 58; Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380,382. Therefore, absent a transcript of the plea hearing indicating otherwise, we must assume that the trial court correctly recorded appellant's plea in its judgment entry.[2] See Jackson at 4 (holding that in the absence of a transcript, an appellate court must presume the regularity of the plea proceedings and the validity of the judgment). See, also, Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199;Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 409.
Consequently, unlike a plea of no contest, a plea of guilty operates as a waiver of any error of the trial court concerning the suppression of evidence. State v. Elliott (1993), 86 Ohio App.3d 792, 795; Huber Hts.v. Duty (1985), 27 Ohio App.3d 244, syllabus; State v. Lewis (Dec. 19, 1997), Trumbull App. No. 96-T-5522, unreported, 1997 WL 799537, at fn. 1. Thus, having entered a plea of guilty in this case, appellant cannot challenge the trial court's decision to overrule his motion to suppress on appeal. Accordingly, appellant's sole assignment of error, which stems from the trial court's denial of his motion to suppress, is without merit.
As a final note, it should be emphasized that this court is not passing judgment on the correctness of the trial court's determination with respect to the denial of appellant's motion to suppress. Rather, we hold only that appellant's plea of guilty precludes this court from addressing the merits of his motion.
Based on the foregoing analysis, the judgment of the trial court is hereby affirmed.
 ___________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., NADER, J., concur.
[1] The only transcript included in the record on appeal consists of the suppression hearing.
[2] As an aside, we note that appellant has not assigned as error on appeal a clerical mistake on the part of the trial court with respect to the August 1, 2000 judgment entry. Nor did appellant file a motion to correct this judgment entry with the court below.