OPINION
In this accelerated calendar appeal submitted on the briefs of the parties, appellant, Matthew D. Brown, appeals the judgment of the Portage County Municipal Court, Ravenna Division, denying his motion to suppress.
The following procedural history is determinative of this appeal. At approximately 2:02 a.m., on September 1, 2000, appellant was stopped for speeding by Trooper Paul Gerke ("Trooper Gerke") of the Ohio State Highway Patrol. Appellant, subsequently, was arrested and charged with the following: driving under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1); driving with a prohibited breath alcohol concentration, in violation of R.C. 4511.19(A)(3); and speeding, in violation of R.C. 4511.21(C). Appellant entered a plea of not guilty to the charges.
After conducting a hearing, the trial court denied appellant's motion to suppress on January 24, 2001, concluding, inter alia, that there was reasonable suspicion to initiate the traffic stop and probable cause for the arrest.
On April 24, 2001, appellant withdrew his former plea of not guilty and entered a plea of guilty to driving under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1), while the remaining charges were dismissed. The trial court accepted appellant's plea and sentenced him accordingly. This is reflected in a nunc pro tunc judgment entry dated July 25, 2001.[1]
From this judgment appellant appeals advancing a single assignment of error pertaining to the denial of his motion to suppress. However, before we may address the merits of appellant's assignment of error, we must make an initial determination as to whether appellant entered a plea of guilty or a plea of no contest in this case.
As to this point, appellant submits that he entered a plea of no contest to the R.C. 4511.19(A)(1) charge. The record, however, fails to substantiate his claim. For instance, on April 23, 2001, appellant, with counsel, signed a "Plea of Guilty/No Contest to Charge and Waiver of Rights" form withdrawing his not guilty plea and entering a plea of guilty to the charge of operating a motor vehicle under the influence of alcohol. Further, during the April 24, 2001 plea/sentencing hearing, appellant entered a plea of guilty. Finally, the July 25, 2001 nunc protunc judgment entry confirms that appellant "withdrew his former plea of Not Guilty to a violation of Ohio Revised Code section 4511.19(A)(1) and entered a plea of Guilty."[2]
In State v. Blankenship (Sept. 7, 2001), Portage App. No. 2000-P-0097, unreported, 2001 Ohio App. LEXIS 3991, at 4, this court recently explained the effects of a guilty plea on a defendant's ability to challenge the denial of a motion to suppress on appeal:
 "Consequently, unlike a plea of no contest, a plea of guilty operates as a waiver of any error of the trial court concerning the suppression of evidence. State v. Elliott (1993), 86 Ohio App.3d 792, 795; Huber Hts. v. Duty (1985), 27 Ohio App.3d 244, syllabus; State v. Lewis (Dec. 19, 1997), Trumbull App. No. 96-T-5522, unreported, 1997 WL 799537, at fn. 1. Thus, having entered a plea of guilty in this case, appellant cannot challenge the trial court's decision to overrule his motion to suppress on appeal."
 With this in mind, we determine that appellant's lone assignment of error, which stems from the trial court's denial of his motion to suppress, is without merit.
As a final note, it should be emphasized that this court is not passing judgment on the correctness of the trial court's determination with respect to the denial of appellant's motion to suppress. Rather, we hold only that appellant's plea of guilty precludes this court from addressing the merits of his motion.
Based on the foregoing analysis, appellant's sole assignment of error is meritless, and the judgment of the trial court is affirmed.
NADER, J., GRENDELL, J., concur.
[1] As an aside, we note that appellant appealed from an entry dated April 23, 2001, which set forth the sentence imposed on him in this case. However, in a judgment entry dated July 20, 2001, we concluded that the trial court's April 23, 2001 judgment entry was not a final appealable order as it did not comply with the requirements of Crim.R. 32. As such, we remanded this case for the sole purpose of allowing the trial court to enter a nunc pro tunc judgment entry in compliance with Crim.R. 32. In compliance with this court's order, the trial court issued an appropriate judgment entry on July 25, 2001, and the case proceeded according to rule.
[2] As an aside, we note that appellant has not assigned as error on appeal that he did not knowingly, voluntarily, and intelligently enter his plea of guilty.