OPINION
This appeal is taken from the Ashtabula County Court of Common Pleas. Isaac J. Coleman, appellant, was indicted on one count of possession of cocaine, a fifth degree felony. Appellant pled "no contest" on September 25, 2000. A motion to suppress was filed and subsequently denied. Appellant files this timely appeal.
Before addressing the merits of appellant's assignment of error, we must first note that the trial court's judgment entry, dated January 16, 2001, states that appellant entered a plea of "guilty" on September 25, 2000. A review of the record reveals this judgment entry to be in error. A plea of "no contest" was entered by the appellant on September 25, 2000. This was a change in plea from appellant's initial "not guilty" plea.
It is well settled that a plea of guilty constitutes a waiver of any errors which may have occurred at trial unless such errors are shown to have precluded appellant from entering a knowing and voluntary plea, including alleged errors by the trial court in failing to suppress evidence.[1]
Had appellant entered a guilty plea in this case, appellant could not challenge the trial court's ruling on his motion to suppress evidence on appeal. A plea of no contest preserves this claimed error for appellate review.[2]
The following testimony from three police officers was elicited at the motion hearing and is relevant to this appeal. On June 17, 1999, Officer Johnson of the Ashtabula Police Department was assigned to the dispatch desk and received an anonymous call at approximately 4:57 p.m. The caller told Officer Johnson that a black male in a white Buick was pointing a gun at people behind Brad's Deli on Station Avenue. Officer Johnson dispatched patrol cars to that area.
Captain Mattson received the dispatch and proceeded to the area which is adjacent to the Ashtabula Metropolitan Housing Authority (AMHA) housing project. He entered the housing project and observed a white Buick in the common drive of the AMHA housing project, approximately thirty-five feet from Brad's Deli. Captain Mattson observed that the Buick was operated by a black male. Upon realizing that this was probably the suspect vehicle, Captain Mattson pulled into the driveway of Brad's Deli. Three to four males pointed in the direction of the Buick and stated "there it is."
The Buick began to pull away. Captain Mattson got out of his patrol car, raised his hands, and stopped the vehicle. Captain Mattson was aware that this was a reported gun call and withdrew his service weapon. The black male, later identified as appellant, told Officer Mattson, "I ain't got no gun."
For the next thirty to forty-five seconds appellant reportedly kept moving around inside the vehicle; reaching down to his side and between his legs and then over to the dashboard. Officers Koski and Janek arrived on the scene at this time. Appellant continued to move around and was screaming, "shoot me."
Appellant then began to flail his arms around outside the vehicle and Officer Janek was able to grab him by the arm. Officer Koski then proceeded to open the passenger door of the vehicle and started across the front seat. He observed a baggie in the ashtray. Officer Koski testified that he "pulled the bag and saw it had rocks of crack cocaine in it or what appeared to be crack cocaine and (he) took it." Captain Mattson and Officer Janek pulled Isaac out of the car. Officer Koski noted "I've got rock." Officer Koski conducted a field test which revealed the contents of the plastic baggie to be crack cocaine. Isaac was placed into custody.
An inventory search of Isaac's vehicle revealed no weapons or any other contraband. Isaac was charged with possession of crack cocaine, obstructing official business and resisting arrest.
Appellant filed a motion to suppress the cocaine. The trial court overruled appellant's motion, ruling that the Officers had probable cause to detain Isaac based on the corroborating evidence of the anonymous tip. The court further ruled that the crack cocaine was in plain view and Officer Koski was justified in seizing it.
Appellant asserts a single assignment of error:
 "The trial court erred when overruling appellant's motion to suppress."
Appellant contends that the plastic baggie containing the crack cocaine was illegally seized and, therefore, the trial court erred in not granting his motion to suppress. Appellee asserts that the trial court properly denied the motion and correctly held that the baggie met the elements for the "plain view" exception to the search warrant requirement.
The plain view doctrine, if applicable, permits police officers to seize contraband, evidence or the fruits or instrumentalities of crime without obtaining a prior search warrant. There are three elements which must all be satisfied in order for the plain view doctrine to apply to a warrantless seizure of property: (1) the officer must be legally present at the place from which the evidence can be plainly viewed, and (2) the incriminating character of the evidence must be "immediately apparent," and (3) the officer must have a lawful right of access to the object itself.[3]
Generally, police officers must ordinarily obtain a warrant before they can conduct a constitutionally valid search. There are some exceptions to this rule.[4] Police officers may conduct a warrantless search of a vehicle where they have probable cause to believe it contains contraband, evidence or fruits and instrumentalities of crime.[5]
"[P]robable cause must `be viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of (the search or) arrest (and) guided by his experience and training.'"[6]
Here, the officers had probable cause to believe that appellant had committed an offense and that evidence of criminal activity could be found in appellant's automobile. The officers were responding to a call that described a black male in a white Buick pointing a gun at people behind Brad's Deli. As officers approached the scene, a group of bystanders pointed to appellant's car and told the officers, "that's it, right there." The officers were aware appellant may have been armed. Moreover, once approached by the officers, appellant refused to cooperate with the officers and continued moving his hands about the inside of the vehicle.
These facts gave the officers probable cause to believe that evidence of criminal activity would be found in the automobile. Therefore, a warrantless search of the vehicle for instrumentalities of the crime was permitted.
At the time Officer Koski was conducting the lawful search of appellant's vehicle, he noticed the plastic baggie of crack cocaine in the ashtray. Appellant argues that the baggie was not in plain view and, as such, must be suppressed. We must now determine whether the baggie meets the requirements of the plain view doctrine.
As already noted, Officer Koski was legally present in the passenger compartment of appellant's car when he viewed the plastic bag of crack cocaine. Therefore, the state has satisfied the first element of the plain view doctrine.
The second element of the plain view doctrine requires that the incriminating nature of the evidence must be "immediately apparent." Appellant contends that only the plastic baggie was in plain view and that Officer Koski had to pull the baggie out of the ashtray to see the crack cocaine. Officer Koski testified on direct and again on cross-examination that prior to pulling the bag out he could see what appeared to be crack cocaine. Officer Koski also testified that he had seen crack cocaine numerous times in his seventeen years of law enforcement and the contents of the baggie were immediately apparent as crack cocaine to him.
The trial court, in its judgment, did not make a finding as to whether Officer Koski actually saw the crack cocaine in the baggie. Instead, the court noted that, although a gun could not logically be concealed in a plastic bag in the ashtray, the appearance of the plastic baggie and its location in the ashtray were sufficient to create reasonable cause to believe that it was contraband.
The Supreme Court of Ohio has held that "in ascertaining the required probable cause to satisfy the immediately apparent requirement, police may rely on their specialized knowledge, training and experience."[7] The Second District Court of Appeals has noted that a police officer's testimony established that he, "had been involved with perhaps thousands of drug arrests" and that "crack cocaine is commonly carried in baggies."[8]
Here, Officer Koski's testimony that he actually saw the crack cocaine in the baggie prior to extracting it from the ashtray would surely satisfy the "immediately apparent" prong of the plain view standard. However, Koski's seventeen years of law enforcement experience in viewing and identifying crack cocaine and its typical storage in plastic baggies results in a finding that the incriminating nature of the baggie was immediately apparent and satisfies the second element of the plain view doctrine.
The third prong of the plain view doctrine necessitates a finding that the police officer must have a lawful right of access to the object itself. As noted, Officer Koski was permitted to make a warrantless search of appellant's vehicle because he had probable cause to believe that the appellant had committed a crime and that his car could probably contain instrumentalities of the crime. It is important to note that the initial call to the police indicated that the suspect had a "gun." It would be patently unreasonable for the police officers to not search this vehicle under these facts. Because Officer Koski was permitted to search the passenger compartment of appellant's vehicle, he had lawful access to the plastic bag of crack cocaine sitting in the ashtray.
Having found that the seizure of the plastic baggie of crack cocaine was not a violation of the Fourth Amendment, appellant's argument for suppression is not well taken.
Therefore, appellant's assignment of error is without merit and the judgment of the trial court is affirmed.
DONALD R. FORD, J., ROBERT A. NADER, J., concur.
[1] State v. Elliott (1993), 86 Ohio App.3d 792; Huber Hts. v. Duty
(1985), 27 Ohio App.3d 244; State v. Barnett (1991),73 Ohio App.3d 244.
[2] Crim.R. 12(H).
[3] State v. Willoughby (1992), 81 Ohio App.3d 562, 568.
[4] State v. Fisher (Dec. 26, 1997), 11th Dist. No. 97-P-0026, 1997 WL 799912, *2.
[5] Id.
[6] State v. Jackson (Apr. 20, 2001), 11th Dist. No. 99-L-134, 2001 WL 409542, *4 quoting United States v. Davis (C.A.D.C. 1972), 458 F.2d 819,821.
[7] State v. Halczyszak (1986), 25 Ohio St.3d 301, 307.
[8] State v. Strothers (Dec. 22, 2000), 2d Dist. No. 18322, 2000 WL 1867594.