JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant John D. Theis ("Theis") appeals the judgment of the trial court dismissing his petition for postconviction relief without an evidentiary hearing. We find no merit to the appeal and affirm.
 {¶ 2} On February 7, 1996, Theis was indicted by the grand jury on twenty-six counts. He pled guilty to two counts of gross sexual imposition, which were each amended to include a violence specification, and one count of illegal use of a minor in nudity-oriented material. The parties agreed that prior to sentencing, the judge would listen to an audiotape of a conversation between Theis and the victim. All the other counts, including two with mandatory life sentences, were dismissed.
 {¶ 3} On July 1, 1996, the court sentenced Theis to four to ten years in prison on each count of gross sexual imposition and five to fifteen years in prison on the nudity-oriented material charge. These sentences were ordered to be served consecutively, for a total of thirteen to thirty-five years.
 {¶ 4} Theis pursued a direct appeal, and this court affirmed his convictions in State v. Theis (May 1, 1997), Cuyahoga App. 71028. Theis filed a petition for postconviction relief pursuant to R.C. 2953.21. The trial court summarily dismissed his petition without a hearing in December 2002. Theis raises three assignments of error relating to the court's dismissal of his petition.
 Evidentiary Hearing {¶ 5} In his first assignment of error, Theis argues the trial court erred in summarily dismissing his petition for postconviction relief without a hearing. Theis claims he was entitled to postconviction relief because he was denied his constitutional right to the effective assistance of counsel.
 {¶ 6} In State v. Calhoun (1999), 86 Ohio St.3d 279, paragraph two of the syllabus, the Ohio Supreme Court held that:
"Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief."
 {¶ 7} In order to be entitled to a hearing on a petition for postconviction relief alleging ineffective assistance of counsel, the petitioner must submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. State v. Jackson
(1980), 64 Ohio St.2d 107, syllabus. See, also, State v. Cole (1982),2 Ohio St.3d 112, 114, ("Where ineffective assistance of counsel is alleged in a petition for postconviction relief, the defendant, in order to secure a hearing on his petition, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant.")
 {¶ 8} In the present case, Theis did not provide any affidavits supporting his claim that he was denied the effective assistance of counsel and that his defense was prejudiced by his counsel's alleged ineffective assistance. The only purported evidentiary document Theis provided in support of his petition was an unauthenticated transcript of the audiotape of a conversation between Theis and the victim which the court heard prior to sentencing. Having failed to provide any evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness, the trial court properly dismissed the petition without a hearing. Therefore, the first assignment of error is overruled.
 Ineffective Assistance of Counsel {¶ 9} In his second assignment of error, Theis argues he was entitled to postconviction relief because he was denied the effective assistance of trial counsel. Theis claims his counsel was ineffective because his counsel failed to: (1) advise him that he had the right to have a jury determine whether a violence specification was appropriately added to the gross sexual imposition charges as part of the plea bargain, (2) inform him that R.C. 2907.323 was unconstitutional, and (3) advise him of the potential sentence he might serve after pleading guilty to the agreed charges. Theis also argues his trial counsel was ineffective because he allowed the trial court to listen to a prejudicial audiotape of a conversation between Theis and the victim.
 {¶ 10} In proving ineffective assistance of counsel, the accused has the burden of demonstrating that his attorney seriously erred and that the deficient performance actually prejudiced him. Strickland v.Washington, (1984), 466 U.S. 668. In order to satisfy the prejudice requirement, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." Strickland, 466 U.S. at 694. Both prongs of this "Strickland test" must be met in order to deem counsel ineffective. Id.
 {¶ 11} Further, any claim for postconviction relief that was or could have been raised on direct appeal is barred from consideration by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. However, res judicata does not bar claims for postconviction relief when the petition presents evidence outside the record that was not in existence and was not available to the petitioner in time to support a direct appeal. State v. Cole (1982), 2 Ohio St.3d 112,114.
 {¶ 12} In the instant case, Theis claims he was denied effective assistance of counsel because his trial counsel failed to fully advise him that he had a right to have a jury determine whether a violence specification was appropriately added to the gross sexual imposition charges as part of the plea bargain. However, Theis raised this issue in his direct appeal. Therefore, this issue is barred by res judicata.Perry, supra.
 {¶ 13} Theis argues his trial counsel was ineffective because he failed to advise Theis that R.C. 2907.323, which governs pandering obscenity, is unconstitutional. This is an issue that should have been raised on direct appeal because it does not involve evidence outside the record. Therefore, this issue is also barred by res judicata. See Perry, supra.
 {¶ 14} Theis argues his trial counsel was ineffective because he failed to properly advise Theis of the potential sentence that the court could impose if he pled guilty. However, Theis did not provide any evidence to support this claim or that he was prejudiced by his trial counsel's alleged ineffectiveness. Therefore, Theis failed to set forth the necessary evidence and operative facts to establish substantive grounds for postconviction relief. See Jackson, supra; Cole, supra.
 {¶ 15} Finally, Theis argues his trial counsel was ineffective because he agreed to allow the trial judge to consider a prejudicial audiotape of a conversation between Theis and the victim. This is not a new issue involving evidence outside the record and should have been raised on direct appeal. Therefore, it is barred by res judicata. SeePerry, supra. Accordingly, the second assignment of error is overruled.
 Knowing, Intelligent, and Voluntary Guilty Plea {¶ 16} In his third assignment of error, Theis argues he did not knowingly, intelligently, and voluntarily enter his guilty pleas because he relied on inadequate advice of trial counsel. He also claims he entered the guilty pleas under extreme duress. In Hill v. Lockhart
(1985), 474 U.S. 52, the United States Supreme Court held that theStrickland two-prong "ineffective assistance of counsel test" applies in cases involving guilty pleas made as a result of alleged ineffective assistance of counsel. The court explained:
"Where a defendant enters a plea of guilty upon counsel's advice, the voluntariness of the plea depends on whether the advice was within the range of competence demanded of attorneys in criminal cases. The two-part standard adopted in Strickland for evaluating claims of ineffective assistance of counsel * * * applies to guilty plea challenges based on ineffective assistance of counsel. In order to satisfy the second, or `prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."
Hill v. Lockhart, 474 U.S. 52, 58-59. See, also, State v. Elliott
(1993), 86 Ohio App.3d 792.
 {¶ 17} Here, as previously mentioned, Theis provided no evidence demonstrating he was prejudiced by the alleged ineffectiveness of his trial counsel. He also provided no evidence to indicate he was under duress when he entered the guilty pleas. Moreover, he did not suggest in his petition for postconviction relief that he would not have pled guilty to the three counts but would have insisted on going to trial on all 26 counts but for counsel's advice. Therefore, the third assignment of error is overruled.
Judgment affirmed.
KENNETH A. ROCCO, A.J. and ANN DYKE, J. concur.