JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Bringing forth two assignments of error, defendant-appellant Aaron Dockery appeals the trial court's judgment convicting him of attempted aggravated robbery and assault upon a police officer. Dockery entered a guilty plea to the charged offenses after the trial court had denied his motion to suppress statements he had made to police during his arrest. The trial court imposed the agreed sentence of three years.
In his first assignment of error, Dockery argues that the trial court erred by accepting his guilty plea. Dockery contends that his guilty plea was not made knowingly, intelligently or voluntarily because the trial court did not inform him that, by pleading guilty, he had waived his right to appeal the trial court's denial of his motion to suppress. In his second assignment of error, Dockery contends that his trial counsel provided ineffective assistance by failing to inform him that he would be waiving his right to appeal the denial of his motion to suppress by entering a guilty plea. Because these assignments are related, we address them together.
While Dockery acknowledges that Ohio law does not require a trial court to inform a defendant that a plea of guilty waives his right to contest the court's denial of a motion to suppress on appeal, he invites this court to write a rule that such a failure rendered his guilty plea involuntary.[1] We decline to do so. The Supreme Court of Ohio has explained, "[A] guilty plea is a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [unreasonable under professional standards]."[2]
Dockery does contend that his plea was not entered voluntarily or intelligently because his trial counsel failed to inform him that he was waiving his right to appeal any errors committed by the court during the suppression hearing. But a review of the record transmitted for our review does not support this contention. We cannot infer from this record that trial counsel failed to discuss with Dockery the consequences of entering a guilty plea.[3] Here, Dockery signed the guilty-plea form, which indicated that Dockery had limited appellate rights, and his trial counsel signed the plea form indicating that he had explained the consequences of a guilty plea to Dockery. Finally, Dockery's counsel informed the court at the plea hearing that Dockery was entering his plea voluntarily and intelligently.
Dockery also maintains that he received ineffective assistance of counsel because trial counsel was (1) unprepared; (2) failed to point out the inconsistency of the arresting officers' testimony during the suppression hearing; (3) failed to ensure that Dockery received a fair trial/hearing; (4) failed to make sure that Dockery understood that he was pleading guilty to attempting to take an officer's service revolver; (5) failed to address issues involving the sufficiency of the evidence to prove aggravated robbery. He further contends that the trial court failed to comply with Crim.R. 11 by not informing Dockery that he could receive probation instead of prison.
First, we note that the record demonstrates that the trial court strictly adhered to the requirements of Crim.R. 11(C) and informed Dockery of the consequences of his plea. The trial court also told Dockery that it did not have to impose the agreed sentence but could sentence Dockery to community control or a prison term. With respect to the other issues raised by Dockery, the record does not demonstrate the errors of which he complains.
Accordingly, the first and second assignments of error are overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] See State v. Elliott (1993), 86 Ohio App.3d 792, 621 N.E.2d 1272, citing Huber Hts. v. Duty (1985), 27 Ohio App.3d 244, 500 N.E.2d 339 (a guilty plea constitutes a waiver of alleged errors by the trial court in not suppressing evidence).
[2] State v. Spates, 64 Ohio St.3d 269, 272, 1992-Ohio-130,595 N.E.2d 351, citing Brady v. United States (1970), 397 U.S. 742,90 S.Ct. 1463.
[3] See State v. Murphy, 91 Ohio St.3d 516, 542, 2001-Ohio-112,747 N.E.2d 765 (ineffective assistance cannot be inferred from a silent record).