[Cite as *State v. Bennett*, 2011-Ohio-2236.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2010CA00200 |
| JOHN C. BENNETT, JR. | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Stark County Court of
Common Pleas, Case No. 2009CR0490

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: May 9, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO,                     ROBERT G. ABNEY
PROSECUTING ATTORNEY,        Abney Law Office, LLC
STARK COUNTY, OHIO              116 Cleveland Ave. N.W., Suite 500
                                                    Canton, Ohio 44702
BY: RENEE WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Hoffman, J.*

{¶1}  Defendant-appellant John C. Bennett, Jr. appeals the denial of his motion to withdraw his guilty plea in the Stark County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

{¶2}  On April 21, 2009, Appellant was indicted on charges of aggravated robbery, aggravated burglary, kidnapping and felonious assault.  On June 8, 2009, Appellant entered a plea of guilty to the charges.

{¶3}  The trial court sentenced Appellant to seven years on each count, with each seven year commitment for counts two, three, and four to be served concurrent with the seven year commitment on count one.  The trial court indicated it would consider judicial release after a five year period.  The trial court's sentencing entry failed to properly inform Appellant of the length of post release control.  The trial court notified Appellant post-release control was mandatory for up to a maximum of five years.

{¶4}  On April 5, 2010, Appellant moved the trial court to withdraw his guilty plea.  The trial court scheduled a hearing on the motion, and also scheduled a resentencing hearing.

{¶5}  On June 14, 2010, the trial court conducted a hearing to address Appellant's motion to withdraw his plea and for resentencing pursuant to R.C. 2929.191.

{¶6}  Via Judgment Entry of June 28, 2010, the trial court denied Appellant's motion to withdraw his plea.  Via separate Judgment Entry of June 28, 2010, the trial

---

[1] A rendition of the statement of facts is unnecessary to our disposition of the within appeal.

court resentenced Appellant pursuant to R.C. 2929.191. The trial court notified Appellant he had been resentenced to serve a mandatory five year term of post-release control on counts one, two and three and a mandatory three year term of post-release control on count four pursuant to R.C. 2967.28(B). The terms of post-release control were ordered to be served concurrently.

{¶7} Appellant now appeals the trial court's denial of his motion to withdraw his plea, assigning as error:

{¶8} "I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO WITHDRAW HIS FORMER PLEA OF GUILTY."

{¶9} Appellant asserts he filed his motion to withdraw his plea of guilty prior to resentencing; therefore, the motion should be freely and liberally granted. *State v. Peterseim* (1979), 68 Ohio App.2d 211; *State v. Xie* (1992), 62 Ohio St.3d 521.

{¶10} In *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, the Court held sentences imposed after July 11, 2006, the effective date of R.C. 2929.191, where the trial court failed to properly impose post-release control, the court was to follow the remedial procedures set forth in the statute. Such remedial procedures include a hearing limited to the imposition of the post-release control and a corrected judgment entry. Id.

{¶11} In *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, the Court examined the effect of an improper post-release control notification on a post-sentence motion to withdraw a guilty plea. The Court concluded because Ketterer was sentenced after July 11, 2006, his sentence was not void, as the statute set forth the proper

remedial procedure. The court thus found the motion to withdraw his guilty plea was properly denied.

{¶12} However, even assuming the court failed to properly impose post-release control, only that portion of the sentence would be deemed "void." *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, ¶ 26. In *Fischer,* the Court stated:

{¶13} "We similarly hold that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside. (Footnote omitted.) Neither the Constitution nor common sense commands anything more.

{¶14} "This principle is an important part of the analysis of void sentences that we have not focused upon in prior cases involving postrelease control, including *Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Thus, we reaffirm the portion of the syllabus in *Bezak* that states '[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void,' but with the added proviso that only the offending portion of the sentence is subject to review and correction.

{¶15} "However, we now modify the second sentence in the *Bezak* syllabus as ill-considered. That sentence states that the offender is entitled to a new sentencing hearing for the offense for which postrelease control was not imposed properly. 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. It does not recognize a principle that we overlooked in *Bezak:* when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.

{¶16} "Therefore, we hold that the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control. In so holding, we come more into line with legislative provisions concerning appellate review of criminal sentences."

{¶17} Accordingly, we find Appellant's convictions and the remainder of Appellant's original sentence remained valid, and Appellant's motion to withdraw plea is properly addressed as a post-sentence motion.

{¶18} Ohio Criminal Rule 32.1 governs motions to withdraw pleas, and reads:

{¶19} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶20} Appellant has not demonstrated, nor does the record reflect, a manifest injustice resulted from the trial court's denial of Appellant's motion to withdraw his guilty plea. Accordingly, Appellant's sole assignment of error is overruled.

{¶21} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
|     Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOHN C. BENNETT, JR. | : | |
| | : | |
|     Defendant-Appellant | : | Case No. 2010CA00200 |

For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs to Appellant.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin
HON. W. SCOTT GWIN


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY