[Cite as *State v. Bennett*, 2013-Ohio-4453.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013CA00097 |
| JOHN C. BENNETT, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Criminal appeal from the Stark County
                                 Court of Common Pleas, Case No.
                                 2009CR0490A

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          October 7, 2013

APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

JOHN D. FERRERO                          JOHN C. BENNETT, JR., PRO SE
PROSECUTING ATTORNEY                     INMATE NO. 570-509
BY: RENEE M. WATSON                      MCI
110 Central Plaza South, Ste. 510        Box 57
Canton, OH  44702-1413                   Marion, OH 43301

*Gwin, P.J.*

{¶1}   Defendant-appellant John C. Bennett, Jr. appeals the April 17, 2013 judgment entry denying his motion to return personal property in the Stark County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   In April of 2009, appellant was indicted on charges of aggravated robbery, kidnapping, aggravated burglary, and felonious assault.  The victim of the crimes was Leonard Cooper ("Cooper"), who hired appellant to do odd jobs.  On March 20, 2009, appellant and an accomplice trespassed into Cooper's home, attacked him, and forced him to write a check in appellant's name.  Prior to leaving Cooper's home, appellant took Cooper's wallet, credit cards, and cash.  On June 8, 2009, appellant entered a plea of guilty to the charges.

{¶3}   The trial court sentenced appellant to seven years on each count, with each seven year commitment for counts two, three, and four to be served concurrent with the seven year commitment on count one.  On December 23, 2009, this Court denied appellant's motion to file a delayed appeal.  In May of 2010, the Ohio Supreme Court denied appellant's motion for delayed appeal.

{¶4}   Appellant moved the trial court to withdraw his guilty plea on April 5, 2010. The trial court held a hearing on appellant's motion and also simultaneously conducted a resentencing hearing because the trial court's original sentencing entry failed to properly inform appellant of the length of his post-release control.  On June 28, 2010, the trial court denied appellant's motion to withdraw his plea and resentenced him to correctly notify appellant of the proper length of his post-release control.  Appellant

appealed the trial court's decision and this Court affirmed the trial court's decision in May of 2011 in *State v. Bennett*, 5th Dist. No. 2010CA00200, 2011-Ohio-2236. The Ohio Supreme Court declined appellant's motion for jurisdiction. In August of 2012, appellant filed a motion to correct his sentence and the trial court denied the motion.

{¶5} On April 15, 2013, appellant filed a motion to return personal property. Appellant asserts when he was arrested he had the following items: smokeless pipe, miscellaneous keys, a wallet, $536.00 in cash, a cell phone, credit cards belonging to the alleged victim, personal identification belonging to the alleged victim, and a discarded check. The trial court denied appellant's motion to return property on April 17, 2013. Appellant appeals the April 17, 2013 judgment entry of the trial court and assigns the following error:

{¶6} "I. THE TRIAL COURT ERRED IN NOT RETURNING PERSONAL PROPERTY."

{¶7} Appellant argues the cash and wallet in his possession were never identified as belonging to the alleged victim and seeks the return of the keys, wallet, phone, smokeless pipe, and $536.00 in cash because the property seized from him was his.

{¶8} Appellant's argument fails for two reasons. First, appellant's motion to return property is barred under the doctrine of res judicata. "[A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 at

syllabus, 226 N.E.2d 104 (1967). Appellant pled guilty in June of 2009 and failed to file an appeal until December of 2009 when a motion for delayed appeal was denied. Since appellant could have raised the argument regarding the return of his property in his direct appeal, he is precluded from raising it herein. See *Cline v. Urbana Police Div.*, 2nd Dist. No. 09-CA-45, 2010-Ohio-5384. Further, the trial court held a hearing on appellant's motion to withdraw plea and to resentence him to the correct post-release control. Appellant failed to bring the issue regarding the personal property to the trial court's attention during these proceedings and he again failed to raise the issue regarding the return of the property in his subsequent appeal of the trial court's decision. Thus, he is now precluded from asserting these additional issues which should have been raised in prior proceedings, particularly when the subject of this appeal does not involve any new evidence. See *State v. Poicus*, 11th Dist. No. 95-L-179, 1996 WL 761213 (December 13, 1996).

{¶9} Appellant's argument must also fail as a result of his guilty plea. Pursuant to R.C. 2981.03(A)(4):

> A person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure by filing a motion in the appropriate court that shows the person's interest in the property, states why the seizure was unlawful, and requests the property's return. * * * If the motion is filed by a defendant after an indictment, information, or a complaint seeking forfeiture of the property has been filed, the court shall treat the motion as a motion to suppress evidence.

{¶10} Pursuant to this statute, a motion to return property is categorized as a motion to suppress.  A defendant who enters a plea of guilty waives the right to appeal all non-jurisdictional issues arising at prior stages of the proceedings * * *.  *Ross v. Auglaize Cty. Court of Common Pleas*, 30 Ohio St.2d 323, 285 N.E.2d 25 (1972).  Thus, by entering a guilty plea, a defendant waives the right to raise on appeal the proprietary of a trial court's suppression ruling.  *State v. Elliott*, 86 Ohio App.3d 792, 621 N.E.2d 1272 (12th Dist. 1993); *State v. Harvey*, 5th Dist. No. 20074-CA-00335, 2008-Ohio-3654.  Here, appellant pled guilty in June of 2009 to all of the charges contained in the indictment.  By entering his guilty plea in this case, appellant waived his right assert any challenge based upon an alleged violation of his rights under the Fourth Amendment.

{¶11} Based upon the foregoing, appellant's assignment of error is overruled and the April 17, 2013 judgment entry of the Stark County Common Pleas Court is affirmed.

By Gwin, P.J., and

Wise, J., concur;

Hoffman, J., concurs

separately

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

WSG:clw 0924

*Hoffman, J. concurring*

**{¶12}** I concur in the majority's decision to affirm the trial court's denial of Appellant's motion to return property.   However, I do so solely on the basis I find Appellant's remedy lies in the filing of a civil action for replevin or, in the alternative, conversion against the person or entity in possession of the property.



HON. WILLIAM B. HOFFMAN

[Cite as *State v. Bennett*, 2013-Ohio-4453.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
              Plaintiff-Appellee       :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
JOHN C. BENNETT, JR.                   :
                                       :
                                       :
              Defendant-Appellant      :        CASE NO. 2013CA00097


    For the reasons stated in our accompanying Memorandum-Opinion, the April 17,

2013 judgment entry of the Stark County Common Pleas Court is affirmed.  Costs to

appellant.


                                       _____
                                       HON. W. SCOTT GWIN


                                       _____
                                       HON. WILLIAM B. HOFFMAN


                                       _____
                                       HON. JOHN W. WISE