[Cite as *State v. Lovelace*, 2015-Ohio-3736.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
|     Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2015 CA 00059 |
| DUANE ANTHONY LOVELACE | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Case No. 2013 CR 0797


JUDGMENT:               Affirmed


DATE OF JUDGMENT ENTRY:      September 14, 2015


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
RONALD MARK CALDWELL
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

DUANE ANTHONY LOVELACE
PRO SE
RICHLAND CORR. INSTITUTION
Post Office Box 8107
Mansfield, Ohio 44901-8107

*Wise, P. J.*

{¶1}.  Appellant Duane Anthony Lovelace appeals the decision of the Court of Common Pleas, Stark County, which denied his post-sentence motion to withdraw a guilty plea. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}.  On or about May 17, 2013, appellant and an accomplice entered a residence on 23rd St. NW in Canton and forcibly demanded money from the occupants. Appellant was armed with a handgun during the incident.

{¶3}.  Appellant was thereafter arrested and bound over, and on June 25, 2013, he was indicted by the Stark County Grand Jury on one count of aggravated burglary (R.C. 2911.11(A)(1)/(2)), one count of aggravated robbery (R.C. 2911.01(A)(1)), one count of kidnapping (R.C. 2905.01(A)(1)/(2)/(3)) and one count of having a weapon under a disability (R.C. 2923.13(A)(3)). The first three of the aforesaid four counts each included a firearm specification under R.C. 2941.145.

{¶4}.  On January 6, 2014, appellant, with the assistance of counsel, entered pleas of guilty to the above charges.

{¶5}.  Appellant was thereafter sentenced to an aggregate term of eight years in prison. A sentencing judgment entry was issued on January 31, 2014.

{¶6}.  Appellant did not file a direct appeal to this Court.

{¶7}.  On December 31, 2014, nearly a year after his conviction and sentence, appellant filed a *pro se* motion to withdraw his guilty plea in the trial court. The State filed a response on January 21, 2015. Appellant filed a reply February 12, 2015.

{¶8}. The trial court, on March 5, 2015, denied appellant's attempt to withdraw his plea.

{¶9}. On April 3, 2015, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶10}. "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA WITHOUT A HEARING.

{¶11}. "II. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA WITHOUT A HEARING WHERE IT WAS CLEAR THAT APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO INFORM HIM THAT HIS GUILTY PLEA WAIVES THE RIGHT TO APPEAL THE DENIAL OF THE MOTION TO SUPPRESS EVIDENCE. THUS, ADVISING APPELLANT TO PLED [SIC] GUILTY WITHOUT NOTICE MAKES THE PLEA UNKNOWING, UNINTELLIGENT, AND INVOLUNTARILY GIVEN.

{¶12}. "III. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA WHERE IT WAS CLEAR THAT THE WRITTEN PLEA BARGAIN AGREEMENT CONTRACT IS NULLIFIED AND VOID WHERE THE CONTRACT IS PREDICATED ON THE AGREEMENT OF MISTAKE IN FACT AND LAW."

I., III.

{¶13}. In his First and Third Assignments of Error, appellant contends the trial court erred in denying his post-sentence motion to withdraw his guilty plea. We disagree.

{¶14}. Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶15}. Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo* (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. " *** [T]he good faith, credibility and weight of the movant's assertions in support of the [Crim.R. 32.1] motion are matters to be resolved by [the trial] court." *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus.

{¶16}. Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1. *See State v. Dalton,* 153 Ohio App.3d 286, 292, 2003–Ohio–3813, ¶ 18., However, under the "manifest injustice" standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire,* Licking App.No. 09–CA–132, 2010–Ohio–2566, ¶ 60, citing *Smith, supra,* at 264. Furthermore, " * * * if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * * " *State v. Peterseim* (1980), 68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting *Kadwell v. United States (C.A.9,* 1963), 315 F.2d 667. A Crim.R.

32.1 motion is not a challenge to the validity of a conviction or sentence, and instead only focuses on the plea. *See State v. Bush,* 96 Ohio St.3d 235, 773 N.E.2d 522, 2002–Ohio–3993, ¶ 13.

**{¶17}.** In the case sub judice, appellant's essential claim regarding the issue of plea withdrawal, in both his first and third assigned errors, is that his trial counsel ineffectively advised him to plead guilty to the weapons under disability count [R.C. 2923.13], where his conviction and sentence for same would allegedly have been barred by R.C. 2929.14(B)(1)(e). This subsection states in pertinent part as follows:

**{¶18}.** " *** The court shall not impose any of the prison terms described in division (B)(1)(a) of this section or any of the additional prison terms described in division (B)(1)(c) of this section upon an offender for a violation of section 2923.13 of the Revised Code unless all of the following apply:

**{¶19}.** "(i) The offender previously has been convicted of aggravated murder, murder, or any felony of the first or second degree.

**{¶20}.** "(ii) Less than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense."

**{¶21}.** Appellant asserts that because it was not shown the above qualifiers (i) and (ii) of R.C. 2929.14(B)(1)(e) both apply to him, his weapons under disability conviction and sentence must have been improper. However, assuming such assertion as to the qualifiers is correct, appellant ignores the limiting language of R.C. 2929.14(B)(1)(e) which prevents a trial court from "impos[ing] any of the prison terms *described in"* subsection (B)(1)(a) or (B)(1)(c) of R.C. 2929.14. A review of (B)(1)(a) and (B)(1)(c) clearly reveals that these provisions are specifically limited to certain

mandatory additional sentences for attendant firearm specifications. In appellant's case, however, his single count of having a weapon under disability simply does not include any firearm specifications. Thus, the aforecited R.C. 2929.14(B)(1)(e) restrictions were wholly inapplicable to his weapons under disability charge, and his trial counsel cannot be deemed ineffective on this basis for assisting him in pleading guilty to said weapons under disability charge.

{¶22}. Moreover, appellant herein does not explain why the doctrine of res judicata should not bar his arguments, as it presently appears likely they could have been raised on direct appeal. *See State v. Ketterer,* 126 Ohio St.3d 448, 935 N.E.2d 9, 2010–Ohio–3831, ¶ 59.

{¶23}. We are therefore unpersuaded the trial court abused its discretion in declining to find a manifest injustice warranting the extraordinary step of negating appellant's plea, and we further find the trial court did not err or abuse its discretion in denying appellant's motion to withdraw plea without conducting an evidentiary hearing.

{¶24}. Appellant's First and Third Assignments of Error are overruled.

II.

{¶25}. In his Second Assignment of Error, appellant contends the trial court erred in denying his post-sentence motion to withdraw his guilty plea, where his trial counsel allegedly failed to advise him of the impact of his plea on his appeal rights. We disagree.

{¶26}. Appellant specifically asserts that if he had been informed by trial counsel that his guilty plea would result in a waiver of his ability to appeal suppression issues, he would not have agreed to plead guilty. *See* Appellant's Brief at 8.

{¶27}. This Court has indeed recognized that a defendant, by entering a guilty plea, waives the right to raise on appeal the propriety of a trial court's suppression ruling. *See State v. Bennett*, 5th Dist. Stark No. 2013CA00097, 2013-Ohio-4453, ¶ 10, citing *State v. Elliott,* 86 Ohio App.3d 792, 621 N.E.2d 1272 (12th Dist.1993). Also, in *State v. Pepper*, 5th Dist. Ashland No. 13 COA 019, 2014-Ohio-364, this Court emphasized: "In the review of an attempt to withdraw *** [a] negotiated plea after the fact, we must *** bear in mind that the trial court is under a duty pursuant to Crim.R.11 to ensure that the plea comports with constitutional standards." *Id.* at ¶ 40, citing *State v. Stowers*, 8th Dist. Cuyahoga No. 48572, 1985 WL 7495 (additional citations omitted).

{¶28}. The record in the case sub judice includes the original written plea form signed by appellant and defense counsel, among others. The form includes the following acknowledgment: "I understand my right to appeal a maximum sentence and procedural issues regarding this plea; I understand my other limited appellate rights which have been explained to me by the court, and that any appeal must be filed within 30 days of my sentence. ***." *See* Trial Docket No. 111.

{¶29}. Under these circumstances, we again find the trial court did not err or abuse its discretion on this basis in denying appellant's motion to withdraw plea without conducting an evidentiary hearing.

{¶30}. Appellant's Second Assignment of Error is overruled.

{¶31}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


JWW/d 0818