[Cite as *State v. Wilson*, 2023-Ohio-830.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DENZIL E. WILSON JR., | : | Case No. CT2022-0042 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                                          Court of Common Pleas, Case No.
                                                          CR2022-0056

JUDGMENT:                                      Affirmed

DATE OF JUDGMENT:                      March 15, 2023

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

RON WALSH                                      CHRIS BRIGDON
Prosecuting Attorney                          8138 Somerset Road
Muskingum County, Ohio                    Thornville, Ohio 43076

By: JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

**{¶1}**    Appellant Denzil E. Wilson, Jr. appeals the trial court's denial of his motion to suppress in connection with one of his two OVI charges, and the sentence imposed by the trial court. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}**    On October 15, 2021, Ohio State Highway Patrol Trooper Kyle Dickinson was working the midnight shift when he observed the appellant operating his motor vehicle through the intersection of Underwood and Zane Street in Muskingum County at a slow rate of speed, and was leaning up on the steering wheel with his grip "locked [at] 10 and 2" on the wheel, which he testified was unusual. Trooper Dickinson ran the appellant's license plate through his MCI in-car computer and discovered that the appellant was under an OVI suspension, and that his plates were expired, or suspended.

**{¶3}**    Trooper Dickinson pulled the appellant over, and while interacting with him noticed that his eyes were red, bloodshot, and glassy, and that his pupils were constricted exceptionally small for that time of night. In addition, Trooper Dickinson noticed the smell of alcohol coming from the interior of the car, and noticed that the appellant's eyelids were droopy and his speech was slurred. Finally, Trooper Dickinson observed the appellant fumble as he sorted through his paperwork to provide the Trooper with requested documentation. Trooper Dickinson testified that while he made these observations of the appellant, not every single indicator of intoxication appears in his written report due to time constraints: ". . . if I put every little detail in our reports, we'd - - we stop so many cars. We don't have enough time."

{¶4} Given the aforesaid indicators of intoxication, Trooper Dickinson administered a number of standard field sobriety tests upon the appellant, including the Horizontal Gaze Nystagmus (HGN) test, the Vertical Gaze Nystagmus test (VGN), the walk-and-turn test, and the one-leg stand test, during which he observed a total of four clues of intoxication. He testified that he observed three clues out of four during the one-leg stand test, and only two clues from that test are needed for an arrest.

{¶5} In addition, he conducted a non-standard sobriety test called the Modified Romberg Test in which the appellant was asked to stand with his feet together and his head back, and estimate thirty seconds. Trooper Dickinson observed another clue of intoxication during this test.

{¶6} Based upon a combination of all of the above, Trooper Dickinson placed the appellant under arrest for operating a vehicle while under the influence of alcohol, drugs, or a combination of them.

{¶7} Trooper Dickinson asked the appellant to submit to a chemical test, but the appellant began to complain that he was getting dizzy, that his hands and legs were numb, and that he wanted Trooper Dickinson to call EMS. Trooper Dickinson contacted EMS, and the appellant was transported to the hospital. Trooper Dickinson followed the appellant to the hospital, informed the appellant that the charge was going to involve a felony OVI, and asked the appellant to provide a sample for a chemical test. The appellant indicated that he was not going to provide one. Trooper Dickinson informed him that the matter involved a felony, and if he refused to provide a sample they would go forward with a warrant. The appellant thereafter provided a sample, three minutes past the three-hour ALS suspension time.

{¶8}    At the time of the October 15, 2021 OVI arrest, the appellant had been convicted of or pleaded guilty to five or more OVIs within the preceding twenty years.

{¶9}    On January 1, 2022, the appellant was observed by an Ohio State Highway Patrol Trooper driving on Adair Avenue near Maple Avenue in Muskingum County at 3:43 a.m. with no headlights. The appellant turned down an alley and behind a business that resembled a residence, exited his vehicle, and told the Trooper he was parked behind his friend's house, oblivious to the fact that the building behind which he had parked was a business and not a residence. The Trooper observed that the appellant had drooping eyelids, and bloodshot eyes with very constricted pupils that did not react to light from the flashlight. In addition, the appellant's license was suspended and the plates on his vehicle were fictitious. The Trooper put the appellant in his patrol vehicle, where he observed the appellant nodding off throughout the interaction. The appellant refused all sobriety tests, as well as a chemical test.

{¶10}  On March 3, 2022, the Muskingum County grand jury indicted the appellant on the following seven counts:

{¶11}  Count 1 – operation of a motor vehicle on or about October 15, 2021 in violation of R.C. 4511.19(A)(1)(a) (operating a motor vehicle while under the influence of alcohol, a drug of abuse, or a combination of them), with the R.C. 2941.1413

specification[1] that he had been convicted of or pleaded guilty to five OVI offenses in the preceding twenty years in 2004, 2007, 2011, 2013, and 2015;[2]

{¶12} Count 2 – operation of a motor vehicle on or about October 15, 2021 in violation of R.C. 4511.19(A)(1)(j)(iii) (operating a motor vehicle while having a concentration of at least one hundred fifty nanograms of cocaine metabolite per milliliter of his urine or a concentration of at least fifty nanograms of cocaine metabolite per milliliter of his whole blood or blood serum or plasma), with the R.C. 2941.1413 specification that he had been convicted of or pleaded guilty to five OVI offenses in the preceding twenty years in 2004, 2007, 2011, 2013, and 2015;

{¶13} Count 3 – operation of a motor vehicle on or about October 15, 2021 in violation of R.C. 4511.19(A)(1)(j)(ix) (operating a motor vehicle while having a concentration of at least five hundred nanograms of methamphetamine per milliliter of his urine or a concentration of at least one hundred monograms of methamphetamine per milliliter of his whole blood or blood serum or plasma), with the R.C. 2941.1413 specification that he had been convicted of or pleaded guilty to five OVI offenses in the preceding twenty years in 2004, 2007, 2011, 2013, and 2015;

{¶14} Count 4 – operation of a motor vehicle on or about October 15, 2021 in violation of R.C. 4511.19(A)(1)(j)(ii) (operating a motor vehicle while having a concentration of at least one hundred fifty nanograms of cocaine per milliliter of his urine

---

[1] R.C. 2941.1413 allows for the imposition of an additional prison term if the indictment specifies that an offender has been previously convicted of or pleaded guilty to five or more OVI offenses within the preceding twenty years.

[2] The offenses with which the appellant was indicted also included a second specification pursuant to R.C. 2941.1417 regarding forfeiture of his motor vehicle(s) he was operating at the time of the offenses. The appellant has not appealed this issue.

or a concentration of at least fifty nanograms of cocaine per milliliter of his whole blood or blood serum or plasma), with the R.C. 2941.1413 specification that he had been convicted of or pleaded guilty to five OVI offenses in the preceding twenty years in 2004, 2007, 2011, 2013, and 2015;

{¶15} Count 5 – operation of a motor vehicle on or about October 15, 2021 in violation of R.C. 4511.19(A)(1)(j)(i) (operating a motor vehicle while having a concentration of at least five hundred nanograms of amphetamine per milliliter of his urine or a concentration of at least one hundred nanograms of amphetamine per milliliter of his whole blood or blood serum or plasma), with the R.C. 2941.1413 specification that he had been convicted of or pleaded guilty to five OVI offenses in the preceding twenty years in 2004, 2007, 2011, 2013, and 2015;

{¶16} Count 6 – operation of a motor vehicle on or about January 1, 2022 in violation of R.C. 4511.19(A)(1)(a) (operating a motor vehicle while under the influence of alcohol and/or drugs), with the R.C. 2941.1413 specification that he had been convicted of or pleaded guilty to five OVI offenses in the preceding twenty years in 2004, 2007, 2011, 2013, and 2015; and,

{¶17} Count 7 – refusal to submit to a chemical test when requested following the stop on or about January 1,2022 for operating a motor vehicle in violation of R.C. 4511.19(A)(1)(a), with the specification that he had been convicted of or pleaded guilty to five OVI offenses in the preceding twenty years in 2004, 2007, 2011, 2013, and 2015.

{¶18} The appellant was arrested on March 7, 2022. He was arraigned on March 9, 2022, at which time he pleaded not guilty to all charges.

{¶19} On April 5, 2022, the appellant filed a motion to suppress in which he moved the trial court to suppress the following evidence obtained during the October 15, 2021 traffic stop:

1. Tests of [appellant's] coordination and/or sobriety and/or alcohol and/or drug level including, but not limited to, chemical tests of [appellant's] alcohol and/or drug level;

2.  Statements taken from or made by the [appellant];

3. Observations and opinions of the police officer(s) who stopped the [appellant] and/or arrested and/or tested the [appellant] regarding her [sic] sobriety and/or alcohol and/or drug level;

4.  Any and all evidence obtained as the result of the warrantless seizure of the [appellant].

{¶20} The trial court conducted an evidentiary hearing on the motion to suppress on May 9, 2022, after which it denied the motion.

{¶21} On May 17, 2022, the trial court conducted a plea and sentencing hearing at which time the appellant withdrew his not guilty plea and entered a plea of guilty to Counts 1 and 6. The parties' plea agreement was summarized by the appellee as follows:

MS. MARTIN:       Your Honor, we're here in the matter of State of Ohio versus Denzil E. Wilson, Jr., Case No. CR2022-0056. It's my understanding the defendant is here with counsel to withdraw his former plea of not guilty and enter a plea of guilty to the following offenses: Count 1, OVI with five prior convictions in 20 years with a forfeiture specification as amended, in violation of 4511.19(A)(1)(a), and 2941.1417, a felony of the fourth degree.

And Count 6, the same OVI with five prior convictions in 20 years with a forfeiture specification as amended, again, in violation of 4511.19(A)(1)(a) and 2941.417 [sic], a felony of the fourth degree.

In consideration of the defendant's plea of guilty to Counts 1 and 6 as amended, the parties agree that the State will make no recommendation as to sentencing leaving the same to the discretion of the Court. The defendant agrees to forfeit the vehicle driven at the time of his arrest. The State agrees to dismiss Counts 2, 3, 4, 5, and 7 of the indictment, and the OVI specifications attached to Counts 1 and 6 of the indictment at the time of sentencing.

*        *        *

MR. MELVIN:        Thank you, Your Honor. Statements made by the prosecutor are correct….

(Emphasis added.) Transcript of May 17, 2022 Plea and Sentencing Hearing at p. 3-4.

{¶22}  Thus, the R.C. 2941.1413 OVI specifications contained in the March 3, 2022 Indictment were dismissed.

{¶23}  The trial court addressed the appellant personally pursuant to Crim.R. 11(C)(2) prior to accepting his plea. The trial court's discussion with the appellant regarding his guilty plea included, but was not limited to, the following exchange:

THE COURT:        And you're offering to plead guilty to two counts, Count 1 and Count 6 are both OVI with five prior convictions, both with forfeiture specifications, both being classified as felonies of the fourth degree?

THE DEFENDANT: Yes, sir.

THE COURT:        You understand each of those offenses carry a possible penalty of 60 days local incarceration up to one year or 60 days in prison with an option of additional 6 to 30 months. Maximum fine of $1,350 to $10,500, an alcohol and drug addiction program is mandatory, license suspension between 3 years to life. Driving privileges after three years, plates are required if alcohol related, and the vehicle is to be forfeited if it is registered to the defendant. Do you understand that?

THE DEFENDANT: Yes, sir.

*        *        *

THE COURT:        You also understand you have a right to appeal your case within 30 days of sentencing, but by pleading guilty you severely limit the chances of any appeal being successful?

THE DEFENDANT: Yes, sir.

**{¶24}**  The appellant pleaded guilty to Count 1, OVI with five prior convictions and a forfeiture specification, a felony of the fourth degree; and, Count 6, OVI with five prior convictions and the forfeiture specification, also a felony of the fourth degree.

**{¶25}**  The trial court proceeded to sentence the appellant, ordering the forfeiture of the appellant's vehicles that he was driving at the time of the October 15, 2021 and January 1, 2022 offenses, and a $1,350.00 fine. In addition, the trial court, "[b]ased upon the fact that these two [offenses] occurred that close together, and that [appellant has] these many priors, and that [appellant] created a substantial risk of harm to everybody who was on the road," sentenced the appellant to sixty (60) days in prison and an

additional twenty (20) months on each count. The trial court further ordered that the sentences to be served consecutively, stating:

> The Court finds that consecutive sentences are necessary to protect the public of future crime, that you have a number of these prior convictions as well as these two committed that close together. I find that the sentences are necessary to protect, punish you and they're not disproportionate to the seriousness of the conduct and danger posed to the public.
>
> The fact that you're using drugs and getting behind the wheel of a vehicle driving with no lights in the middle of the night, it's just way, way too dangerous.

**{¶26}** The appellant filed a timely appeal and has submitted the following Assignments of Error:

**{¶27}** "I. THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION TO SUPPRESS EVIDENCE BASED ON; THE APPELLANT DEMONSTRATING INSUFFICIENT INDICIA OF INTOXICATION UPON WHICH A FIELD SOBRIETY TEST THEN COULD HAVE BEEN REQUESTED."

**{¶28}** "II. THE TRIAL COURT ERRED WHEN DENYING THE MOTION TO SUPPRESS EVIDENCE; GIVEN THE TOTALITY OF THE CIRCUMSTANCES, THE ARRESTING STATE TROOPER LACKED PROBABLE CAUSE FOR ARREST AFTER THE APPELLANT PERFORMED THE STANDARD FIELD SOBRIETY TESTS."

**{¶29}** "III. THE ARRESTING STATE TROOPER DID NOT CONDUCT THE CHEMICAL TEST WITHIN THE THREE (3) HOUR TIME FRAME PRESCRIBED BY O.R.C. §4511.19."

{¶30} "IV. THE TRIAL COURT ERRED WHEN SENTENCING THE APPELLANT TO 60 DAYS PRISON AND AN ADDITIONAL 20 MONTHS OF PRISON ON EACH COUNT."

{¶31} "V. CONSECUTIVE SENTENCES WHERE UNLAWFUL AND A VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS."

### ASSIGNMENTS OF ERROR NUMBERS I, II, & III

{¶32} The appellant argues in Assignments of Error Numbers I, II, and III that the trial court erred in denying his motion to suppress tests of his coordination and/or sobriety and/or alcohol and/or drug level including, but not limited to, chemical tests of his alcohol and/or drug level; statements taken from or made by him; observations and opinions of the officer who stopped him and/or arrested and/or tested him regarding his sobriety and/or alcohol and/or drug level; and, any and all evidence obtained as the result of the arrest.

{¶33} As set forth above, following the trial court's lengthy and thorough Crim. R. 11 discussion with the appellant, he pleaded guilty to two counts of OVI, one for the October 15, 2021 arrest and one for the January 1, 2022 arrest, with five OVI offenses in the preceding twenty years, both felonies of the fourth degree.

{¶34} This court has held:

. . . A defendant who enters a plea of guilty waives the right to appeal all non-jurisdictional issues arising at prior stages of the proceedings * * *. *Ross v. Auglaize Cty. Court of Common Pleas,* 30 Ohio St.2d 323, 285 N.E.2d 25 (1972). Thus, by entering a guilty plea, a defendant waives the right to raise on appeal the proprietary [sic] of a trial court's suppression ruling. *State v.*

*Elliott,* 86 Ohio App.3d 792, 621 N.E.2d 1272 (12th Dist.1993); *State v. Harvey,* 5th Dist. Stark No. 20074–CA–00335, 2008–Ohio–3654. By entering his guilty plea in this case, appellant waived his right assert any challenge to the trial court's ruling on his Motion to Suppress.

*State v. Wooddell,* 5th Dist. Fairfield No. 1-CA-14, 2016-Ohio-7752, ¶9. See, also, *State v. Hickman,* 5th Dist. Licking No. 18-CA-116, 2019-Ohio-2819, ¶¶21-22.

**{¶35}** Based upon the foregoing, we find that by entering his guilty plea to Counts 1 and 6 the appellant waived his right to assert any challenge to the trial court's ruling on his motion to suppress. Accordingly, appellant's Assignments of Error Numbers I, II, and III are overruled.

## ASSIGNMENTS OF ERROR NUMBERS IV & V

**{¶36}** The appellant argues in Assignments of Error Numbers IV and V that the trial court erred in sentencing him to sixty (60) days plus twenty (20) months in prison per count, and that the trial court erred in ordering that the sentences be served consecutively. We disagree.

**{¶37}** Felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, 2014 WL 2480615, ¶ 20. An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, 2016 WL 3573887, ¶ 7, citing R.C. 2953.08(G)(2).

**{¶38}** The appellant's argument alleges that the trial court's sentence is unlawful and in contravention of R.C. 4511.19 and R.C. 2929.13. Therefore, we review appellant's sentence pursuant to R.C. 2953.08(G)(2)(b) to determine whether it is contrary to law.

**{¶39}** The appellant and appellee entered into a plea agreement in which the appellee dismissed a number of the charges set forth in the March 3, 2022 Indictment in exchange for the appellant's plea of guilty, and the appellee declined to make a sentencing recommendation. Specifically, the appellee dismissed Counts 2, 3, 4, 5, and 7, as well as the OVI specifications attached to Counts 1 and 6. Thus, the R.C. 2941.1413 OVI specifications contained in Counts 1 and 6 were dismissed.

**{¶40}** The appellant pleaded guilty to Count 1, OVI in violation of R.C. 4511.19(A)(1)(a) with five prior convictions, for the October 15, 2021 offense; and, Count 6, OVI in violation of R.C. 4511.19(A)(1)(a) with five prior convictions, for the January 1, 2022 offense. Both are felonies of the fourth degree. The trial court sentenced the appellant to a term of sixty (60) days plus an additional twenty (20) months in prison on Count 1, and sixty (60) days plus an additional twenty (20) months in prison on Count 6. The trial court further ordered that the sentences be served consecutively, for an aggregate prison sentence of forty (40) months plus one-hundred twenty (120) days.

**{¶41}** R.C. 4511.19(G)(1) provides: "[w]hoever violates any provision of divisions (A)(1)(a) to (i) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them. *** The court shall sentence the offender for either offense under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section."

**{¶42}** R.C. 4511.19(G)(1)(d)(i) provides:

Except as otherwise provided in division (G)(1)(e) of this section, an offender who, . . . within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:

If the sentence is being imposed for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section, a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code **or**, in the discretion of the court, either a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code **or** a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type. If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year, and, except as provided in division (A)(1) of section 2929.13 of the Revised Code, no prison term is authorized for the offense. If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not

less than six months and not more than thirty months and the prison terms

shall be imposed as described in division (G)(2) of section 2929.13 of the

Revised Code. If the court imposes a mandatory prison term or mandatory

prison term and additional prison term, in addition to the term or terms so

imposed, the court also may sentence the offender to a community control

sanction for the offense, but the offender shall serve all of the prison terms

so imposed prior to serving the community control sanction.

(Emphasis added.)

**{¶43}** In this case, the appellee dismissed the R.C. 2941.1413 OVI specifications. Accordingly, the appellant was not convicted of the specifications, nor did he plead guilty to the same. Thus, the trial court's sentence falls within the parameters set forth in R.C. 4511.19(G)(1)(d).

**{¶44}** R.C. 2929.13(G)(2) provides in pertinent part:

If the offender is being sentenced for a third degree felony OVI

offense, or if the offender is being sentenced for a fourth degree felony OVI

offense and the court does not impose a mandatory term of local

incarceration under division (G)(1) of this section, the court shall impose

upon the offender a mandatory prison term of one, two, three, four, or five

years **if** the offender also is convicted of or also pleads guilty to a

specification of the type described in section 2941.1413 of the Revised

Code **or** shall impose upon the offender a mandatory prison term of sixty

days or one hundred twenty days as specified in division (G)(1)(d) or (e) of

section 4511.19 of the Revised Code if the offender has not been convicted

of and has not pleaded guilty to a specification of that type….

(Emphasis added.)

**{¶45}** Again, the appellant was not convicted of nor did he plead guilty to the R.C. 2941.1413 specifications, as those specifications were dismissed by the prosecutor during the May 17, 2022 Plea and Sentencing Hearing. Thus, the trial court's sentence of a mandatory prison term of sixty (60) days per Count is within the parameters of R.C. 2929.13(G)(2).

**{¶46}** In addition, R.C. 2929.14(B)(4) provides:

If the offender is being sentenced for a third or fourth degree felony OVI offense under division (G)(2) of section 2929.13 of the Revised Code, the sentencing court shall impose upon the offender a mandatory prison term in accordance with that division. In addition to the mandatory prison term, if the offender is being sentenced for a fourth degree felony OVI offense, the court, notwithstanding division (A)(4) of this section, may sentence the offender to a definite prison term of not less than six months and not more than thirty months, and if the offender is being sentenced for a third degree felony OVI offense, the sentencing court may sentence the offender to an additional prison term of any duration specified in division (A)(3) of this section. In either case, the additional prison term imposed shall be reduced by the sixty or one hundred twenty days imposed upon the offender as the mandatory prison term. The total of the additional prison term imposed under division (B)(4) of this section plus the sixty or one

hundred twenty days imposed as the mandatory prison term shall equal a

definite term in the range of six months to thirty months for a fourth degree

felony OVI offense and shall equal one of the authorized prison terms

specified in division (A)(3) of this section for a third degree felony OVI

offense. If the court imposes an additional prison term under division (B)(4)

of this section, the offender shall serve the additional prison term after the

offender has served the mandatory prison term required for the offense….

(Emphasis added.)

**{¶47}** The total of the additional twenty-month prison term plus the sixty days the trial court imposed as the mandatory prison term for each count equals a definite term of twenty-two months per count, which is within the six to thirty month range set forth in R.C. 2929.14(B)(4). Thus, the trial court's sentence is within the parameters of R.C. 2929.14(B)(4).

**{¶48}** Finally, R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of

multiple offenses, the court may require the offender to serve the prison

terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish the offender

and that consecutive sentences are not disproportionate to the seriousness

of the offender's conduct and to the danger the offender poses to the public,

and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses

while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶49}** The trial court found that the imposition of consecutive sentences upon the appellant was necessary to protect the public from future crime and to punish the offender, and that consecutive sentences were not disproportionate to the seriousness of the appellant's conduct and to the danger the appellant posed to the public. In addition, the trial court found that the appellant's history of criminal conduct, that is, his multiple prior OVI convictions, demonstrated that consecutive sentences were necessary to protect the public from future crime by the appellant. Accordingly, the trial court's order that the appellant's sentences be served consecutively falls within the parameters of R.C. 2929.14(C)(4).

**{¶50}** This court has held that a trial court is vested with the discretion to impose a prison term within the statutory range. *State v. Rutter,* 5th Dist. Muskingum No. 2006-CA-0025, 2006-Ohio-4061, ¶11, citing *State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855, ¶36. In the case *sub judice*, the trial court imposed a prison term for each

count that was within the statutory range. Further, the trial court's finding that the sentences be served consecutively falls within the parameters of R.C.  2929.14(C)(4). Accordingly, appellant's Assignments of Error Numbers IV and V are overruled.

## CONCLUSION

{¶51}  Based upon the foregoing, appellant's Assignments of Error Numbers I, II, III, IV, and V are overruled, and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.